SHEPARD v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Commission to Examine Witnesses**: REVISED STATUTES, SECTION 2144, ET SEQ. The statute (R. S., sec. 2144, *et seq.*) does not specify any state of facts upon which a commission authorized by it to examine witnesses upon interrogatories, shall be granted, and its allowance is a matter largely within the discretion of the trial court or judge.

2. ———— : PRACTICE. The adverse party cannot, at the close of the direct interrogatories, cross-examine the witness whose testimony is taken under such commission. He should file cross-interrogatories.

3. **Action for Personal Injuries**: RIGHT TO COMPEL PLAINTIFF TO SUBMIT TO PERSONAL EXAMINATION. The right of the defendant in an action against him for a personal injury, to have the plaintiff's injuries personally examined by physicians, so that the latter may testify as to their character and extent, is not an absolute one. It is a matter as to which the trial court has a discretion, which will not be interfered with, unless manifestly abused.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*H. S. Priest* with *T. J. Portis* for appellant.

(1) The court erred in granting the order to examine Dr. Staples on interrogatories. (2) The court erred in refusing to order the plaintiff, under the peculiar circumstances of this case, to submit herself to an examination by competent and fit physicians and surgeons. *Brown v. Brown*, 1 Haggard, 523 ; *Briggs v. Morgan*, 3 Phillimore 325 ; *Welde v. Welde*, 2 Lee 580 ; 2 Prob. and Div. 287 ; 3 Prob. and Div. 126 ; *Newell v. Newell*, 9 Paige 26 ; *Walsh v. Sayre*, 52 How. Pr. 334 ; *Schroeder v. Ry.*, 47 Ia. 375 ; *Ry. v. Thul*, 29 Kas. 466.

*Leonard Wilcox* for respondent.

(1)   There was no error in granting the commission to examine Dr. Staples on interrogatories.   R. S., 2157; *Basket v. Toosey*, 6 Madd. 261 ; Mitford's Eq. Pl. (1876). 241; *Prackett v. Dudley*, 1 Cow. 209 ; Weeks on Dep., sec. 176 ; *Forrest v. Forrest*, 3 Bosw. 669 ; 1 Greenl. Ev. (14 Ed.) sec. 320 ; *Ducket v. Williams*, 1 Crom. & J. 512.   (2) The record fails to disclose any error by the court in refusing to compel the plaintiff to submit to further examination by surgeons.   *Lloyd v. Ry.*, 53 Mo. 509 ; 1 Greenl. Ev., sec. 560 ; 2 Tidd's Prac. 802 ; *Roberts v. Ry.*, 29 Hun (N. Y.) 154 ; *Parker v. Enslow*, 102 Ill. 279 ; *Cook v. Manufacturing Co.*, 29. Hun 643 ; *Gartside v. Ins. Co.*, 76 Mo. 446; *Cook v. Lalance, etc.*, 29 Hun 643.

HENRY, C. J.—Plaintiff sued defendant to recover for personal injuries sustained by her, occasioned by a collision of a train of defendant's cars, in which she was a passenger, with another train.   On the trial she had a judgment for four thousand dollars, from which this appeal is prosecuted.

But two errors are assigned which are here relied upon by appellant : First, that the court erred in granting the order to examine Dr. Staples upon interrogatories.   Second. In refusing to order plaintiff to submit herself to an examination by competent and fit physicians and surgeons.   As to the first point the statute provides as follows :

"Section 2144.   When a party to any suit pending in any court of record in this state, shall make application to such court, in term time, or to the judge thereof in vacation, for a commission to take the examination of witnesses, and shall support the application by affidavit and shall have given to the adverse party reasonable notice

of such application, the court or judge may, upon such terms as it may think proper, award such commission."

- Section 2145 relates wholly to the appointment by the court of the office and the commands of the commission.

"Sec. 2146. The interrogatories shall be annexed to the commission, and shall be drawn and signed by the parties, or their counsel in the cause, under the sanction and direction of the court, or judge thereof."

This suit was begun July 9, 1881. The application for a commission to examine Dr. Staples was made February 10, 1882, and the trial commenced March 9, 1882. All the requisites for obtaining a commission to examine the witness, were complied with. Specific objections were made by the defendant to granting the order, but the court overruled them, sustained the motion, approved the interrogatories, and gave defendant until February 20, 1882, to file cross-interrogatories. This, defendant declined to do, insisting upon a right to cross-examine the witness, after hearing his answer to the interrogatories. The grounds upon which the plaintiff asked for the commission were, that the witness was a physician and surgeon, and had made an examination of plaintiff's injuries, and that his testimony was material to plaintiff's case. That the witness resided at Minona, in the state of Minnesota, and that it was difficult to fix any definite time, or place, to take his deposition, on account of his frequent absence from Minona.

The statute does not specify any state of facts upon which the commission is to be allowed, leaving that mainly to the discretion of the trial court, and we cannot say that that discretion was abused, or harshly, or oppressively exercised, in this case. A large discretion is also given to the court, as to the terms upon which it will grant the commission. No terms were prescribed by the court, except that the defendant should have ten days within which to file cross-interrogatories. The defend-

ant's claim of a right to cross-examine the witness, after he had answered the interrogatories of the party taking his testimony, might, with equal propriety, be made in every case, and thus occasion the very delay and uncertainty in procuring the testimony which the above sections seem to have been intended to avoid. The right to cross-examine would carry with it the right to know when and where the witness would be examined, and at last drive the party to take his deposition. It would practically render the above provisions nugatory.

As to the second alleged error, on the seventh of March, 1882, before the trial, the defendant filed a motion as follows:

"The defendant herein would respectfully show the honorable court, that the plaintiff in this cause, as the defendant is informed and believes, claims to have received serious and permanent injuries to the coccyx, or terminal bone of the spinal column, by reason of the charge of negligence made herein in her petition. Defendant further avers that the true and real extent of plaintiff's said injuries, if any, can only be ascertained by a personal, physical examination of her by competent and skilled surgeons and physicans. Wherefore, defendant prays that this court, before proceeding with the trial of this cause, make a proper order in that behalf, requiring said plaintiff, Eliza T. Shepard, to submit to an examination by competent and skilled physicians and surgeons, that they may determine the true condition of her health, and the character and extent of her injuries, if any, in order that it may be known whether she is, or was, suffering from any disability, and if so, whether it originated from the cause claimed by her in her petition. Defendant further prays that if the court orders an examination, as hereinbefore prayed for, that it be made by a proper number of disinterested surgeons, one-half of whom shall be selected by the plalintiff, the other half by the defendant, with the privilege of those so

selected to choose another disinterested surgeon, if they so desire, and that the said examination be had and conducted at the costs of this defendant."

In support of, and in connection with, said motion, defendant filed the affidavit of Dr. Jackson, to the effect that he was a physician and surgeon in the service of the defendant, and, as such, on the eighteenth of June, 1881, after the alleged injuries to plaintiff, made a personal examination of plaintiff, and that he believed that her injuries, then or now were, nor are, of the character and extent claimed by her, and that she sustained no injury at all, and that the truth of the matter could be ascertained by a proper personal examination of her, by competent and skilled surgeons. Plaintiff resisted said motion, alleging that, on the eighteenth of June, 1881, before this suit was commenced, she did submit to such an examination, which was fully and thoroughly made by said Jackson, who made his report to defendant, that there was no injury to the terminal bone of the spinal column. That she was in a precarious condition as to health, and feared the result of such an examination upon her health, prior examinations having caused her much pain and suffering, not only at the time, but for many days thereafter, but that she was willing to submit to an examination by Dr. J. K. Bauduy, of St. Louis, a physician and surgeon, skilled particularly in the kind of ailments of which she complained, provided that the examination should be only of the kind, and to the extent which, in his opinion, would not injure her health or endanger her life. The court, therefore, overruled defendant's motion.

There is a conflict between the authorities as to the right to compel a party to submit to any bodily examination. The authorities on this subject are cited in *Hatfield v. St. Paul & Dakota Railroad Company*, 18 American and English Railroad Cases, 292, and in a note

by the editor. In *Lloyd v. Railroad*, 53 Mo. 515, this court, Judge Napton delivering the opinion, said : "The proposal to the court to call in two surgeons, and have the plaintiff examined during the progress of the trial, as to the extent of her injuries, is unknown to our practice, and to the law. There was abundant evidence on this subject, on both sides, and any opinion of physicians or surgeons, at that time, would have only been cumulative evidence, at best, and the court had no power to enforce such an order." The reasons assigned in that case for refusing the order were probably sufficient, but we are not prepared to say, that, in no case, can such an order be made. Certainly, if the court can make the order, it will have no difficulty in enforcing it. Not that it can compel the party to submit to a personal examination, but it may dismiss a plaintiff's suit for a persistent refusal to do so ; or, in case of either defendant or plaintiff, treat it as a suppression of testimony, and so present the matter to the jury as to make the refusal equivalent to proof of the fact, which the party asking such personal examination would make it probable, by affidavit or otherwise, the examination would disclose.

There are respectable authorities which hold that the court may order such personal examination. There are others to the contrary. We are inclined to hold with the former, but not that a party has an absolute right to have such a personal examination. It is a matter in which the court has a discretion which will not be interfered with unless manifestly abused. The case at bar is a fair sample of those in which it may and should be refused. The order asked by defendant was unreasonable in that it asked that this lady should submit to a personal examination, not by one skilled surgeon, but by at least three. It is with reluctance, and only from absolute necessity, that a lady of refinement ever submits to such a

personal examination, even by her chosen physician, as defendant asked that this plaintiff should submit to. She had once submitted to such an examination by Dr. Jackson, and again offered to submit to an examination by an eminent and reputable surgeon and physician of the city of St. Louis, where the cause was pending, but this did not satisfy the defendant, who proposed to summon a number of physicians and surgeons to participate in the examination. If, and we have no reason to doubt it, plaintiff is a lady of refinement, she would rather have given up the cause, and dismissed her suit, than to have submitted to what the defendant proposed.

We think that her offer was a fair one, and that asked by defendant unreasonable. Defendant did not object to Dr. Bauduy, that he was not competent to make the examination proposed, or that he was biased or prejudiced against the defendant, but, so far as appears from the record, declined her offer, without stating any reason whatever for rejecting it. The judgment is affirmed. All concur.