RAILWAY COMPANY *v.* DOBBINS.

Opinion delivered April 27, 1895.

60   481
67    56
60   481
73   385

1.   *Practice as to impaneling jury.*

Under Sand. & H. Dig. sec. 4303, providing that if either party desire a panel, the names of twenty-four jurors shall be placed in a box, from which eighteen shall be drawn and entered on a list, and sec. 4304, *ib.*, providing that "each party shall be furnished with a copy of said list from which each may strike the names of three jurors, and return the list so struck to the judge, who shall strike from the original list the names so stricken from the copies, and the first twelve names remaining on said original list shall constitute the jury," *held*, if defendant is entitled to see the names stricken from the list by plaintiff before making his challenges, he is not prejudiced where they challenged different jurors.

2.   *Evidence—Earning capacity.*

Defendant's earning capacity before and after a personal injury complained of is a proper matter of inquiry.

3.   *New trial—Newly discovered evidence.*

Newly discovered evidence, if cumulative merely of that received, is not ground for a new trial.

4.   *Personal injuries—Damages.*

In an action for personal injuries, the jury may consider the pain suffered at the time, or subsequently, or which may result proximately from the injuries, and also any personal disfigurement.

5.   *Physical injuries—Examination of person.*

The court may require a plaintiff suing for personal injuries, alleged to be permanent, to submit to an examination of his person by experts, and may direct that it be made in court or elsewhere.

31

Appeal from Miller Circuit Court.

RUFUS D. HEARN, Judge.

Action by Dobbins, by next friend, against the St. Louis Southwestern Railway. The facts are stated in the opinion.

*Sam H. West* and *Gaughan & Sifford* for appellant.

1. It was error to refuse to let defendant's counsel see the list of the eighteen jurors called after plaintiff had struck three names, in order that he might find what three jurors had been challenged by plaintiff. Sand. & H. Dig. sec. 4301. The argument in 151 U. S. 396 is fallacious. When a juror is challenged, he should be required to stand aside. The practice is universal in this State for the plaintiff to be first called upon to challenge, though defendant is silent.

2. It was error to refuse to exclude from the jury the answers to the sixth and eighth interrogatories propounded. The complaint does not allege any damage on the ground that plaintiff's earning capacity had been impaired. 30 N. E. 353 ; 17 N. Y. S. 112. It was merely the opinion of the witness. 47 Ark. 502.

3. Had the testimony of Dr. Redwine been admitted, the result would have been materially different. 25 Ark. 89 ; Sand. & H. Dig. sec. 5839.

4. The court erred in giving instruction two at plaintiff's instance. 103 Ind. 355 ; 37 Ark. 519 ; 48 *id.* 407 ; 1 Sedg. Dam. (8 ed.) sec. 41 ; 42 Fed. 484 ; 7 Exch. 407 ; 35 Pa. St. 60 ; 3 Bush (Ky.), 587.

5. It was error to refuse to require defendant to submit to a personal examination by experts in open court. 1 Thomp. Trials, sec. 859, p. 653 *et seq.*; 3 Blacks. (Chitty) p. 332 *et seq.*

*Scott & Jones* for appellee.

1. There is nothing in our statute giving defendant the right to see and know the plaintiff's challenges be-

fore making his own.    Sand. & H. Dig. secs. 4303, 4304;
Thomps. & Mer. on Juries, secs. 154, 163; 12 Wheat. 480.

2.    There was no error in refusing to exclude the
answers to the interrogatories.    Any testimony that
tended to show the permanency of the injury, and hence
lessened his earning capacity, was admissible.

3.    As to the second instruction, see 46 Ark. 594.

4.    This court in 46 Ark. 275 held that defendant,
as a matter of right, could demand a personal examina-
tion, but since then a contrary doctrine has been estab-
lished by the Supreme Court of the United States.    141
U. S. 250.    In this case plaintiff lived in a foreign juris-
diction.

5.    The court properly overruled the motion for a
new trial for newly discovered evidence.    There is no
showing that Dr. Redwine's evidence could not have
been obtained by the exercise of due and reasonable dili-
gence.    2 Ark. 33; 13 *id.* 399; 17 *id.* 96; 28 *id.* 121; 46
*id.* 82.

HUGHES, J.    Paul Dobbins, while a passenger on
one of appellant's passenger cars, received injuries in a
wreck caused by a collision between the passenger car
and a freight car on the appellant's road at Crooked
Bayou, which caused the car in which he was at the
time to be thrown from the track into the bayou, by
reason of which he received cuts in his forehead, bruises
on his arm, a cut on one of his fingers, etc.    He recov-
ered judgment for $1000, to reverse which the appeal
was taken.

The first proposition argued by the counsel for ap-
pellant is, the court erred in refusing to let the defend-
ant's counsel see the list of the eighteen jurors called,
after the plaintiff had struck three names, in order that
he might find what three jurors had been challenged by
the plaintiff.

1. Practice as to impanel-ing jury.

The sections of the digest upon which this contention arises are as follows: Section 4303, Sand. & H. Dig.: "If either party shall desire a panel, the court shall cause the names of twenty-four competent jurors, written upon separate slips of paper, to be placed in a box kept for that purpose, from which the names of eighteen shall be drawn, and entered on a list in the order in which they were drawn, and numbered," Section 4304, *ib*.: "Each party shall be furnished with a copy of said list, from which each may strike the names of three jurors, and return the list so struck to the judge, who shall strike from the original list the names so stricken from the copies, and the first twelve names remaining on said original list shall constitute the jury."

Whether the action of the court was proper or not, in this case there was no prejudice, as they challenged different jurors.

2. Evidence as to earning capacity.

The next proposition argued by counsel for appellant is that the court erred in refusing to exclude from the jury the answer to the sixth interrogatory to E. H. Dobbins, a witness, and the eighth interrogatory propounded to Paul Dobbins, which were substantially the same, and are as follows: "Q. 6. What amount per month was Paul capable of earning in his occupation prior to his said injuries, and what amount since? A. He was capable of earning $30 per month.. He is now able to earn $20 per month." As there was, in the opinion of the court, evidence upon which the court might have properly submitted, and did properly submit, the question as to the permanency of Paul's injury to the jury, we see no error in the court's refusal to exclude the answers to these interrogatories from the jury. The contention that they were intended to show special damages, which were not alleged in the complaint, is not sound, in our opinion.

There was no error in refusing a new trial on the ground of newly discovered evidence, as that claimed to have been newly discovered was cumulative of evidence that had been received. *3. New trial for newly discovered evidence.*

We find no error in the second instruction given, to which the appellant excepted, and which he contends here is erroneous, which is as follows : "(2) If the jury find for the plaintiff, then, in estimating the damages, it will be proper to take into consideration the pain, shock, and suffering received by Paul Dobbins at the time of said wreck, if any such has been shown by a preponderance of the evidence ; any pain and suffering he may have since endured from his injuries in said wreck, or which may result from said injuries as the natural and proximate cause, if any such be shown from a preponderance of the testimony ; and any disfigurement to his person, to his injury, received in said wreck, if any such disfigurement has been shown by a preponderance of the evidence." *4. Damages for personal injuries.*

The appellant asked the court to have the plaintiff, Paul Dobbins, produced in court, and submit to an examination of his person by experts ; but the court refused to require the personal presence of the plaintiff in court, and, as to this, overruled the motion, but required him to submit to an examination of his person at his home in Jefferson, Tex., which he did, in the presence of a physician of his own selection and medical experts selected by railway company, according to the directions of the circuit court. The appellant excepted to the refusal of the court to have the plaintiff produced in court for examination of his person. The trial was at Texarkana, Ark. The plaintiff lived at Jefferson, and it does not appear that he was present at the trial. *5. Discretion of court to require physical examination.*

It is within the sound discretion of the circuit court to order such an examination, or not, and to direct whether it should be made in court or not ; and the court

will not control the exercise of that discretion, unless its exercise is abused. As held in *Sibley* v. *Smith*, 46 Ark. 275, the court has the power to require a plaintiff to submit to an examination of his person to ascertain if, in the opinion of medical experts, his injury is permanent. In this case, as the plaintiff was a man, there was no impropriety or abuse of discretion in requiring the plaintiff to submit to an examination of his person, it having been alleged his injury was permanent.

There was evidence upon which the jury might have found the verdict they returned, and we cannot disturb it for the want of evidence.

Affirmed.

Bunn, C. J., being disqualified, did not participate.

---

Supplemental opinion on motion for rehearing.

Delivered May 25, 1895.

HUGHES, J. The motion for reconsideration in this case is based upon the court's refusal to have the plaintiff brought into court, that the jury might by inspection determine the extent of the disfigurement of the plaintiff, for which in part damages were claimed as well as that an examination of his person might be made by medical experts.

The motion in the court below that plaintiff should be brought into court was based, as we construe it, solely upon the ground that a personal examination might be made by medical experts. The examination was ordered to be made at the plaintiff's home, and the motion to have him brought into court was denied. Had the motion been made to have the plaintiff brought into

court that the jury might see for themselves the extent of the disfigurement of his person, this would have raised a question which is not in our opinion presented by the record, and which cannot be raised here for the first time.

The motion is denied.