O'Brien vs. The City of La Crosse.

O'BRIEN, Respondent, vs. THE CITY OF LA CROSSE, Appellant.

*April 13 — May 3, 1898.*

*Practice: Physical examination of plaintiff in action for personal injuries: Discretion.*

1. In an action for personal injuries the defendant has, in the absence of statute, no absolute right to have a personal examination of the injured party by physicians, but such right rests in the sound discretion of the court.

99    421
103   330

99       421
s40 LRA   831
46 LRA 153n
47 LRA 486n
52 LRA 328n
54 LRA   400

O'Brien vs. The City of La Crosse.

2. Where, in an action for an injury to the plaintiff's bladder, she, at defendant's request, submitted to a physical examination by defendant's experts to a certain extent, but refused to permit the introduction of a catheter on the ground that it might endanger her health, and her physician testified that he had objected because it might have that effect, *held*, that it was not an abuse of discretion to refuse to order such further examination.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

The facts appear in the opinion.

For the appellant there was a brief by *Martin Bergh*, city attorney, and oral argument by *Martin Bergh* and *F. H. Bloomingdale.* They contended, among other things, that the defendant in an action for personal injuries was entitled to a physical examination of the plaintiff in order to ascertain the exact nature of the injuries and how long they had existed. Trial courts might order and, in their sound discretion, compel such examination. *White v. Milwaukee City R. Co.* 61 Wis. 536; *Walsh v. Sayre*, 52 How. Pr. 334. The right of defendants to demand and of courts to compel such examinations is recognized in many cases. *Ala. G. S. R. Co. v. Hill*, 90 Ala. 71; *Schroeder v. C., R. I. & P. R. Co.* 47 Iowa, 375; *Devanbagh v. Devanbagh*, 5 Paige, 554; *Anonymous*, 89 Ala. 291, 7 L. R. A. 425; *McQuigan v. D., L. & W. R. Co.* 14 L. R. A. 466, note; *Trial of Sarah Baynton*, 15 How. St. Tr. 634; *Reg. v. Wycherley*, 8 C. & P. 262, note; 2 Bishop, Marriage & Div. § 590 *et seq.*, and cases cited; 1 Thompson, Trials, §§ 851, 859; *Hess v. L. S. & M. S. R. Co.* 7 Pa. Co. Ct. Rep. 565; *Sibley v. Smith*, 46 Ark. 275; *Railway Co. v. Dobbins*, 60 id. 481; *Miami & M. T. P. Co. v. Baily*, 37 Ohio St. 104; *Richmond & D. R. Co. v. Childress*, 82 Ga. 721; *Graves v. Battle Creek*, 95 Mich. 266, 270; *Langworthy v. Green*, id. 93; *Hatfield v. St. P. & D. R. Co.* 33 Minn. 130; *Atchison, T. & S. F. R. Co. v. Thul*, 29 Kan. 466, 10 Am. & Eng. R. Cas. 783; *Sidekum v. W., St. L. & P. R. Co.* 93 Mo. 400. See, also, 2 Jones, Ev. §§ 398, 399.

In some cases courts have refused the examination on the ground that the application therefor was not made at the proper time, or in a proper manner, or because of objections to the physicians who were proposed for the work; and not because they did not possess such power, and the right to exercise it in proper cases. *St. Louis Bridge Co. v. Miller*, 138 Ill. 465; *Terre Haute & I. R. Co. v. Brunker*, 128 Ind. 542; *Mo. Pac. R. Co. v. Johnson*, 72 Tex. 95; *Sioux City & P. R. Co. v. Finlayson*, 16 Neb. 578.

For the respondent there was a brief by *Higbee & Bunge*, and oral argument by *E. C. Higbee*.

CASSODAY, C. J.    This is an action for a personal injury sustained by reason of a plank in an alleged defective sidewalk suddenly flying up and striking plaintiff across the abdomen, and throwing her down and permanently injuring her bladder, or muscles connected with her bladder. Issue being joined and trial had, the jury returned a verdict in favor of the plaintiff and assessed her damages at $500. From the judgment entered thereon the defendant brings this appeal.

There is plenty of evidence to support the verdict. The principal contention is that it was error for the court not to compel the plaintiff to submit to further examination by physicians on the part of the defendant, to ascertain the exact nature of her injuries, and how long they had existed. When the first medical witness on behalf of the plaintiff was sworn, the defendant asked that, before he should be examined, the defendant's experts should be allowed to make a personal examination of such injuries. It was then agreed, without any objection being made, that an arrangement would be made for such examination after the evening adjournment of the court. It appears that a full and complete examination was had by the defendant's physicians before the opening of the court the next morning, except that the

plaintiff, under the advice of her physicians, refused to permit the introduction of a catheter into her bladder, for the reason that it would endanger her health.

After the defense had sworn and examined four witnesses, the defendant asked for an order compelling the plaintiff to submit to an examination by instruments, to determine the condition of her bladder. A statement having been made as to the examination which had in fact been made, the court stated that, while the court had power to order an examination, it had no power to determine the extent of such examination. No exception was made to such ruling. The defendant's physicians testified to the effect that their object was to withdraw all the urine from the bladder; that, in a healthy bladder, it was safe to do so; that there were conditions of the bladder where it was absolutely dangerous to withdraw all the urine therefrom at one time, and by so doing the walls of the bladder were certain to come together and excite inflammation; that a coming in contact with the urine in the bladder would produce decomposition, and the decomposition had the effect of producing *cystitis*, a cause that was very frequent. The plaintiff's physician testified to the effect that he objected to the introduction of a catheter because he did not consider it prudent; that *cystitis* (inflammation of the bladder) was liable to follow. After the defendant rested its case, and the plaintiff's rebutting testimony had been put in, the defendant renewed its motion for an order that the plaintiff be compelled to submit to such further examination, which request was denied by the court, and the defendant excepted; and this is the only exception in the record on that subject.

Was such refusal error? This court has held that "in an action for personal injuries, the court may, in a proper case, at the trial, direct the plaintiff to submit to a personal examination by physicians on behalf of the defendant." *White v. Milwaukee City R. Co.* 61 Wis. 537. It seems that courts

O'Brien vs. The City of La Crosse.

differ widely as to the absolute right to such personal examination, in the absence of statute, by physicians or experts of the opposite party. Some courts deny the right altogether. Some hold that an absolute right to such examination exists at common law. Such differences of opinions may be accounted for in part by the difference in the circumstances under which such examinations were requested. The better opinion, in our judgment, makes the right, in the absence of statute, to rest in the sound discretion of the trial court. *Ala. G. S. R. Co. v. Hill,* 90 Ala. 71, 9 L. R. A. 442; *Shepard v. M. P. R. Co.* 85 Mo. 629; *Sidekum v. W., St. L. & P. R. Co.* 93 Mo. 400; *Owens v. K. C., St. J. & C. B. R. Co.* 95 Mo. 169; *Railway Co. v. Dobbins,* 60 Ark. 485, 486; *Richmond & D. R. Co. v. Childress,* 82 Ga. 719; *Graves v. Battle Creek,* 95 Mich. 266; *Strudgeon v. Sand Beach,* 107 Mich. 496; *Hatfield v. St. P. & D. R. Co.* 33 Minn. 130; *Atchison, T. & S. F. R. Co. v. Thul,* 29 Kan. 466; *Terre Haute & I. R. Co. v. Brunker,* 128 Ind. 542; *Chadron v. Glover,* 43 Neb. 733. In some of these cases the application was refused because not made in time to avoid the interruption of the ordinary course of the trial.

In the case at bar there was no abuse of discretion. On the contrary, it would have been an abuse of discretion to force the plaintiff to submit to such an experiment with instruments, under the circumstances stated.

There is no reversible error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.