## EASLER v. SOUTHERN RY. CO.

JURISDICTION—EXAMINATION OF PARTIES—PHYSICAL EXAMINATION.—
THE COURT OF COMMON PLEAS has no authority to order a party to an action to submit to physical examination by a physician of adverse party, in an action for damages for personal injuries caused by alleged negligence of adverse party.

Before TOWNSEND, J., Lexington, September, 1900. Affirmed.

Action for damages for personal injuries by R. T. Easler, by his guardian *ad litem,* J. P. Easler, against Southern Railway Co. From order refusing motion requiring plaintiff to submit to physical examination by physician chosen by defendant, defendant appeals.

*Messrs. B. L. Abney* and *E. M. Thomson,* for appellant, cite: *The power of the Court to order a physical examination of the plaintiff before trial, has been the subject of adjudication by the Courts of last resort in a number of States:* 46 L. R. A., 153; 47 Ia., 375; 29 Kan., 466; 52 How. Pr., 334; 37 Ohio St., 104; 61 Wis., 536; 90 Ala., 71; 88 Ala., 147; 93 Ala., 514; 46 Ark., 275; 60 Ark., 486; 82 Ga., 719; 99 Ga., 255; 122 Ill., 461; 22 Ill., 114; 138 Ill., 465; 29

Kan., 466; 95 Mich., 266; 107 Mich., 496; 93 Mo., 400; 95 Mo., 169; 85 Mo., 629; 35 Mo., 97; 17 Neb., 211; 16 *Id.,* 578; 33 Minn., 130; 37 Ohio St., 104; 7 Pa. Co. Ct., 565; 2 Pa. Dist., 825; 26 W. N. C. (Pa.), 231; 64 Tex., 463; 72 Tex., 95; 44 S. W., 89; 61 Wis., 536; 46 L. R. A., 153. *The States having statutes authorizing the Court to make such an order:* New Jersey—P. L., 1896, chap. 202; New York—Chap. 721, Laws 1893, Code, 32 N. Y. Supp., 177; 16 Ency., 2d, 812. *Rule in U. S. Supreme Court:* 141 U. S., 250, 177, 172. *As to the time for applying for the order:* 16 Ency., 2 ed., 814.

*Messrs. G. T. Graham* and *Ragsdale & Ragsdale,* contra.

April 1, 1901.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This action was commenced in Fairfield County, on 25th January, 1900, but on motion was transferred to Lexington County.   The facts are substantially the same as those in the case of Nancy Easler *v.* Southern Railway Co., in which the opinion of this Court was recently filed.

On 6th September, 1900, a motion was made before his Honor, D. A. Townsend, presiding Judge, at that time in the Fifth Circuit, at his chambers in Camden, S. C., for an order requiring the plaintiff to permit and allow a personal examination to be made of him by a physician, for the purpose of testifying as a witness in the cause in behalf of the defendant.   The motion was made upon the following notice to the plaintiff's attorneys: "Please take notice that we will apply to Hon. D. A. Townsend, presiding Judge in the Fifth Circuit, at his chambers at Camden, S. C., on the 6th day of September, 1900, at 1 o'clock P. M., or as soon thereafter as counsel can be heard, for an order requiring the plaintiff, R. T. Easler, to permit and allow Dr. B. W. Taylor, a physician and surgeon at Columbia, S. C., where he resides, to personally examine the said plaintiff, R. T.

Easler, as to his personal injuries, and as to the causes, in a medical sense, producing the same, and the nature and extent of the same, on account of which the above stated action has been brought against the said defendant, Southern Railway Company; that such personal inspection and examination of the said plaintiff, R. T. Easler, is for the purpose of enabling the said defendant to properly defend said action; and without such examination the defendant will be wholly dependent upon the statements of the plaintiff and of his own physician; and that this examination is sought for the purpose of enabling the said Dr. B. W. Taylor to testify as a witness in this case. You will further take notice that such motion will be made upon the complaint and answer filed in said cause and upon the affidavit hereto attached." His Honor, the Circuit Judge, refused the motion on the ground that the Court was without power to grant such an order.

The defendant appealed from said order upon exceptions raising the question whether the Court had the power to grant the said order. Sections 390, 391, 392, 393, 394 and 395 of the Code are as follows: "Sec. 390. No action to obtain discovery under oath in aid of the prosecution or defense of another action shall be allowed, nor shall any examination of a party be had on behalf of the adverse party, except in the manner prescribed by this chapter. Sec. 391. A party to an action may be examined as a witness at the instance of the adverse party, or of any one of several adverse parties, and for that purpose may be compelled, in the same manner and subject to the same rules of examination as any other witness, to testify, either at the trial, or conditionally, or upon commission. Sec. 392. The examination, instead of being had at the trial, as provided in the last section, may be had at any time before trial, at the option of the party claiming it, before a Judge of the Court, on a previous notice to the party to be examined, and any other adverse party, of at least five days, unless, for good cause shown, the Judge order otherwise. But the party to

be examined shall not be compelled to attend in any other county than that of his residence or where he may be served with a summons for his attendance. Sec. 393. The party to be examined, as in the last section provided, may be compelled to attend in the same manner as a witness who is to be examined conditionally; and the examination shall be taken and filed by the Judge in like manner, and may be read by either party on the trial. Sec. 394. The examination of the party thus taken may be rebutted by adverse testimony. Sec. 395. If a party refuse to attend and testify, as in the last four sections provided, he may be punished as for a contempt, and his complaint, answer or reply may be stricken out." The remedy provided by the Code has superseded that formerly allowed in the Court of Equity, for the examination of a party to the action in behalf of the adverse party, by a bill of discovery. In the case of *Hall* v. *Joyner,* 1 S. C., at page 190, the Court says: "As a bill of discovery alone, it cannot, independent of other equitable grounds of relief, be maintained. The right to examine the parties to an action, as witnesses, conferred by statute, affords an adequate remedy at law for the class of cases in which a remedy was formerly allowed in equity on the ground of the necessity of a discovery. In this State, the exclusion of Courts of Equity from jurisdiction in cases in which an adequate remedy is conferred at law, rests on the *statute (Eno* v. *Calder,* 14 Rich. Eq.; 154, Dunkin, C. J.) ; consequently a new remedy at law operates to destroy the pre-existing remedies in equity allowed for the want of such legal remedy." See, also, Enc. of Pl. & Pr., vol. 6, page 739. In New York, when a statute was passed enabling the Court to grant an order for the physical examination of the plaintiff by a physician, before the trial of the case, it was incorporated as an amendment to that section of the Code relating to the examination of a party to the action in behalf of the adverse party. In the case of *Lyon* v. *Manhattan R. Co.,* 142 N. Y., 298 (reported in 25 L. R. A., 402), the Court held that the physical examination allowed by said amendment was to

be made in accordance with the provisions of the Code, as to the examination before trial of a party to the action in behalf of the adverse party. Mr. Justice O'Brien, delivering the opinion of the Court, says: "* * * How is it possible for medical experts to make a physical examination in a case like this, or, indeed, in any case, by merely observing the external marks or indications of personal injury or disease? The term itself implies not only such observation, but an inquiry, by means of questions and answers, as to the cause, nature, character and extent of the disability. Mere external appearances are, in themselves, of no consequence, unless identified and connected with the accident as the cause, and hence disclosures such as ordinarily occur between patient and physician must necessarily accompany the inspection of the injured parts. It is clear, I think, that such an examination as the statute contemplates can never be obtained under the defendant's construction. (The defendant contended that the amendment provided for a physical examination distinct from the other provisions of the Code.) It must be held that the legislature intended to enact some useful and practical rule, in the administration of justice, that would promote the discovery of truth, and not to do a vain thing. In order to reach this simple and just result, all we need to do is to read the amendment as a part only of the general scheme prescribed by the Code for the examination of parties before trial." The remedy provided by the Code for taking testimony before trial of the parties to the action in behalf of the adverse party is exclusive, and supersedes all remedies existing at the time of its adoption as hereinbefore stated. There is no statutory provision in this State, empowering the Court to order the physical examination of such a party.

But there is another reason why the motion was properly refused. Even if the Court was empowered to order the physical examination, it was necessary for the proceedings to conform to the foregoing provisions of the Code. The papers, however, upon which the defendant based its motion

show upon their face that it was made independently, and not in pursuance of said provisions.

These views render unnecessary the consideration of the question whether the Court would have the power, in absence of statutory provisions, to order the physical examination of a party to the action in behalf of the adverse party before the trial of the case.

The order of the Circuit Court is affirmed.

MR. JUSTICE JONES *dissents.*