7532

BEST v. COLUMBIA STREET RAILWAY, LIGHT & POWER CO.

1. PARTY—PHYSICAL EXAMINATION.—THE CIRCUIT COURT has no authority to require a plaintiff suing for personal injuries to submit to physical examination by the defendant's physicians, or those appointed by the Court.

2. CARRIER—PASSENGER—STREET RAILWAY.—The rule that the carrier after affording reasonable opportunity for passengers to alight is not required to *ascertain* or *know* whether a passenger is in the act of

alighting, does not apply where the conductor has knowledge that a passenger is dilatory or impeded in movement by physical infirmity or otherwise or is about to alight or is in some position which would be perilous in the event of starting.

3. IBID.—IBID.—PUNITIVE DAMAGES.—Evidence tending to show a street car conductor started a car while he knew a passenger was standing with one foot on the ground, the other on the running board and one hand on the stanchion will support a verdict for punitive damages.

4. REHEARING refused.

Before KLUGH, J., Richland, June term, 1909.   Affirmed.

Action by Clara Best against Columbia Street Railway, Light & Power Co.   From judgment for plaintiff, defendant appeals.

*Messrs. Barron, Moore & Barron,* and *R. B. Herbert,* for appellant, cite: *Physical examination of plaintiff by defendant's physician:* 16 Ency., 812; 14 Cyc., 365; Wig. on Ev., 3019; 102 Am. St. R., 563; 19 L. R. A., 641; 46 L. R. A., 448; 24 Am. St. R., 764; 55 Am. R., 584; 9 S. E., 602; 47 Ia., 375; 54 L. R. A., 396; 88 Am. St. R., 232; 80 Am. St. R., 374; 19 L. R. A., 641; 46 L. R. A., 448; 95 Mo., 169; 37 Ohio, 104; 46 L. R. A., 153; 40 L. R. A., 431; 25 L. R. A., 404; 177 N. S., 172; 141 U. S., 250; 40 Am. R., 588; 64 L. R. A. 494; 52 L. R. A., 328; 142 N Y., 298; 3 Black., 331; 5 Paige, 554; 35 Vt., 365; 2 Hogg., 324; 1 Black., 454; Wig. on Ev., 3020; Id. sec. 2220; 16 Ency., 814-6; Elliott on Ev., sec. 1239. *Duty of carrier to alighting passenger:* 67 S. C., 61. *Punitive damages:* 80 S. C., 211; 32 S. E., 570; 48 S. E., 463; 42 S. E., 196; 51 S. E., 919; 52 S. E., 41; 13 Cyc., 112.

*Messrs. Nelson, Nelson & Gettys* and *Melton & Belser,* contra, cite: *Physical examination of plaintiff:* 141 U. S., 250: 60 S. C., 117. *Carrier's duty to passenger alighting:* 6 Cyc., 615-7.   9 Current L., 517-8; 11 Current L., 567-8;

5 Ency., 578; 4 St. R. R., 42; 5 Id., 648, 413; 27 S. C., 301; 41 S. C., 440; 46 S. C., 203; 56 S. C.. 94; 79 S. C., 535; 81 S. C., 35, 275. *Punitive damages:* 54 S. C., 504; 57 S. C., 224, 253; 60 S. C., 570, 67; 65 S. C., 93; 67 S. C., 218; 65 S. C., 122, 440, 438; 12 So., 374; 119 Ala., 555; 125 Fed., 524; 124 Ala., 372; 72 Pac., 283; 27 N. E., 564; 92 N. W., 720.

The opinion herein was filed on February 28, 1910, but remittitur held up on petition for rehearing until

April 1, 1910.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action for damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendants, which are thus set out in the complaint:

"That on or about the 23d day of September, 1907, the plaintiff with her then invalid sister, was received by defendant as a passenger, on one of the cars of the defendant company, at the said company's transfer station, in order to be transported thereon to the intersection of Richland and Gates streets, and the plaintiff paid the regular charge of faie therefor.

"That the conductor in charge of said car was informed that the plaintiff and her sister, desired to alight from said car, at said intersection of Richland and Gates streets, and caused the said car to be stopped at said place, whereupon plaintiff helped her invalid sister to alight, and with all reasonable dispatch, attempted to alight from said car herself, when the conductor and motorman on said car, the agents and servants of defendant, wilfully, wantonly, carelessly and negligently caused said car to be suddenly moved forward and on its way, without any warning whatever to the plaintiff, and before plaintiff could alight, and while she was in the act of so doing, and caused the plaintiff to be thrown

violently to the ground, inflicting serious injuries upon the plaintiff, as hereinafter set forth."

The defendant denied these allegations, and set up the defense of contributory negligence.

The jury rendered a verdict in favor of the plaintiff for the sum of three thousand and five hundred dollars.

The defendant appealed upon exceptions, and, as stated by the appellant's attorneys, the first question to be determined is: "Has the Circuit Court the power to require a plaintiff suing for personal injury to submit to a physical examination by defendant's physicians, or by physicians appointed by the Court?"

There is no difference in principle, between the case under consideration and that of *Easler* v. *Ry.*, 60 S. C., 117, 38 S. E., 258, in which the Court says: "The remedy provided by the Code, for taking testimony, before trial, of the parties to the action, in behalf of the adverse party, is exclusive, and supersedes all remedies existing at the time of its adoption, as hereinbefore stated. There is no statutory provision in this State empowering the Court to order the physical examination of such a party."

The next question is presented by the following exception: "In charging the jury as follows: 'Among the duties of a carrier of passengers, whether it be a street car company or any other kind of carrier of passengers, is bound to exercise, is that it shall stop for a long enough time to allow passengers safely to get on board of the car, when they offer, in a proper way, to become passengers, and having received them as passengers, when they have arrived at their destination, to stop long enough to permit them safely to alight; and connected with that duty to exercise the highest degree of care, a part of that duty; indeed, it is the duty of the servants of the company, who are in charge of carrying passengers, to be viligant, to be watchful, and to ascertain, by the exercise of the care which the law requires them to exercise, whether the passengers have

safely gotten on board, and whether they have alighted in
safety, from the car;' the error being, that by such instruc-
tion the defendant was required, not only to stop its cars a
reasonable time, but to see that passengers desiring to do so
actually had gotten on and off the cars, thus imposing a
higher duty on defendant than is required by law."

Immediately preceding that portion of the charge set out
in the exception, his Honor, the presiding Judge, charged
the jury as follows: "It is the duty of the street car com-
pany, as any other carrier of passengers, to exercise the
highest degree of care, that is consistent with the perform-
ance of its duty of conveying passengers, in order that the
passengers may not suffer injury; and if the company fails
to exercise the highest degree of care, consistent with the
performance of its duty, and the passenger suffers injury by
reason of such failure, then that is an injury due to the negli-
gence of the defendant, and the defendant is responsible for
the result of its negligence."

We do not construe the charge in the exception as embody-
ing the separate and distinct proposition, that "the defendant
was required not only to stop its cars a reasonable time, but
to see that passengers desiring to do so actually had gotten
on and off the cars," but that, when the charge is considered
in its entirety, it means that this duty was only imposed on
the defendant, when, "the exercise of the highest degree of
care, that is consistent with the performance of its duty of
conveying passengers, in order that the passengers may not
suffer injury," requires such action on the part of its con-
ductor.

The appellant relies upon the case of *Shealy* v. *Ry.,* 67 S.
C., 61, 45 S. E., 119, in which the rule is thus stated: "After
the railroad carrier has discharged the duty of stopping the
train for a reasonable time, to allow the passengers to alight
therefrom, the conductor may fairly assume that passengers
have, with reasonable diligence, availed themselves of the
opportunity afforded to alight, and may signal the train

forward, unless he has knowledge that a dilatory passenger, or one impeded in movement by physical infirmity or otherwise, is about to alight, or is in some position which would be perilous in the event of starting the train.   The law, however, does not impose upon the railroad carrier, after reasonable opportunity for passengers to alight has been afforded, the further duty to *ascertain,* to *know* whether a passenger is in the act of alighting, or on the platform of the coach for that purpose."

That case decides, however, that the rule that "the law does not impose upon the railroad carrier, after reasonable opportunity for passengers to alight has been afforded, the further duty to *ascertain,* to *know,* whether a passenger is in the act of alighting" is applicable when the conductor "has knowledge that a dilatory passenger, or one impeded in movement by physical infirmity or otherwise, is about to alight, or is in some position which would be perilous, in the event of starting the train."

In the case under consideration, the testimony tends to show that the plaintiff was dilatory in alighting from the car, by reason of the fact that she was assisting her invalid sister; that she had one foot on the running board and the other on the ground, and her hand on the stanchion, when the conductor signalled the train forward; and that he knew these facts, and was actually looking at her when he gave such signal.

It will thus be seen, that the charge was applicable to the case and was free from error.

The next assignment of error is, because his Honor, the presiding Judge, refused to charge that there was no evidence to support a verdict for punitive damages.

The testimony to which reference was made, in considering the last mentioned exception, shows that the request was properly refused.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE JONES is prepared to vote to overrule *Easler* v. *Ry.,* 60 S. C., 117, 38 S. E., 258, as unsound and contrary to the weight of reason and authority, but until overruled is bound to follow it. Hence, concurs.

MR. JUSTICE WOODS, *dissenting.* I dissent. In suits arising out of personal injuries it is manifest that nothing can be more helpful to the jury in reaching a just estimate of the damages than knowledge of the true nature of the injury.

To deny to either party any reasonable means of making the extent of the injury evident is unfair, for often its nature is such that the defendant has no means whatever of protecting himself from pretensive or exaggerated claims, except on examination by impartial experts under the order of the Court. For these reasons, whenever it appears to the Circuit Judge that a physical examination by disinterested experts would materially aid the jury in arriving at a just verdict, such examination should be ordered.

There are some authorities holding that such examinations should not be allowed in the absence of statutory authority. *Union Pac. Ry. Co.* v. *Botsford,* 141 U. S., 250, 35 L. Ed., 734; *Parker* v. *Enslow,* 102 Ill., 272, 40 American Reports, 588; *Stack* v. *N. Y. N. H. & H. Ry. Co.,* 177 Mass., 155, 83 Am. St. Rep., 269; *Mills* v. *Wilmington City Ry. Co.* (Del.), 40 Atlantic, 1114; *Galveston H. & S. A. Ry. Co.* v. *Sherwood* (Texas), 67 S. W., 776. The authority of the decision of the Supreme Court of the United States, however, is weakened by the fact that the Federal Courts in which suits for personal injuries are tried have no jurisdiction except that conferred by statute. Therefore, the power of the Federal trial Courts to order such examinations might

well be denied, while admitting the power to exist in State Courts having general jurisdiction.

The power of State Courts to order such examinations is supported by the great weight of authority. Greenleaf on Evidence (16 Ed.), 469; *Ala. G. S. Ry. Co.* v. *Hill,* 90 Ala., 71, 24 Am. St. Rep., 764; *St. L. etc. Ry. Co.* v. *Dobbins,* 60 Ark., 481, 30 S. W., 887; *Richmond & D. Ry. Co.* v. *Childress,* 82 Ga., 719, 14 Am. St. Rep., 189, 9 S. E., 602; *Western Glass Mfg. Co.* v. *Schoeninger* (Col.), 94 Pac., 342, 15 L. R. A. (N. S. ), 663; *South Bend* v. *Turner,* 156 Ind., 418, 60 N. E., 271; *Hall* v. *Manson,* 99 Iowa, 698, 68 N. W., 922; *Atchinson etc. Ry. Co.* v. *Palmore,* 68 Kansas, 545, 75 Pac., 509; *Graves* v. *Battle Creek,* 95 Mich., 266, 35 Am. St. Rep., 561; *Louisville etc. Ry. Co.* v. *Simpson,* 111 Ky., 754, 64 S. W. 733; *Wanek* v. *Winona,* 78 Minn., 98, 80 N. W., 851, 79 Am. St. Rep., 354; *Shepard* v. *Mo. Pac. Ry. Co.,* 85 Mo., 629, 55 Am. Rep., 390; *Stuart* v. *Havens,* 17 Neb., 211, 22 N. W., 419; *United Rys. etc. Co.* v. *Cloman* (Md.), 69 Atl., 379; *Brown* v. *Chic. Ry. Co.,* 12 N. D., 61, 95 N. W., 153; *Miami etc. Co.* v. *Bailey,* 37 Ohio St., 104; *Lane* v. *Spokane Falls Ry. Co.,* 21 Wash., 119, 75 Am. St. Rep., 821; *O'Brien* v. *La Crosse,* 99 Wis., 421, 75 N. W., 81.

The case of *Easler* v. *Southern Railway Company,* 60 S. C., 117, 45 S. E., 119, as it seems to me, is opposed to both reason and authority, and should be overruled.

April 1, 1910. PER CURIAM. After careful consideration of the petition herein, the Court is satisfied that no material question of law or of fact has either been overlooked or disregarded.

It is, therefore, ordered that the petition be dismissed and that the order heretofore granted, staying the remittitur, be revoked.