A. D. STRUNK V. STATE, EX REL. REUBEN LIPP.

[FILED JANUARY 2, 1891.]

Bill of Exceptions: AFFIDAVITS used in the district court on the hearing of a motion, as to sustain or discharge an attachment, must be embodied in a bill of exceptions to be available in the supreme court.

MOTION to quash bill of exceptions.

*Story & Story*, for the motion.

*J. K. Goudy, contra.*

MAXWELL, J.

On January 13, 1890, one John Casey brought an action by attachment against the Nebraska State Bank of Pawnee City, and certain property belonging to the defendants in that action was levied upon, and also notices of garnishment served upon the plaintiff in error and others. A motion was made to discharge the attachment, and a large number of affidavits in support of and against said motion seems to have been filed. The motion to discharge the attachment was overruled as to the bank, while the motion in favor of the plaintiff in error and also the defendant in error was sustained.

On the 21st of December, 1889, E. F. Hemstead, the owner of the alleged bank at Pawnee City, made an assignment under the statute for the benefit of his creditors, and such proceedings were had that the defendant in error was chosen assignee by the creditors and demanded a conveyance from the plaintiff in error of the real estate belonging to Hemstead. This conveyance the plaintiff in error refused to make, whereupon the defendant in error

instituted proceedings by *mandamus* to compel the execution of such conveyance. The judge, after a hearing in the case, granted a peremptory writ of *mandamus* and that is the order now appealed from.

The defendant in error now moves to quash the bill of exceptions because it is not certified either by the judge that tried the cause or by the clerk of the court.

There is a stipulation in the record that the affidavits used on the hearing of the motion to discharge the attachment in the case of *Casey v. Bank* should be used on the hearing in the *mandamus* proceedings, and no doubt they were so used. There is a large number of affidavits in the record entitled in the case of *Casey v. Bank*, and in all probability they were read on the hearing to discharge the attachment. Whether they were or not we have no means of knowing as they are not in any manner authenticated. In a number of cases this court has held that affidavits used on the hearing of a motion must be preserved in a bill of exceptions to be available in a reviewing court. (*Ray v. Mason*, 6 Neb., 102; *Credit Foncier v. Rogers*, 8 Id., 36; *Aultman v. Howe*, 10 Id., 10; *Oliver v. Sheeley*, 11 Id., 522; *Dorrington v. Minnick*, 15 Id., 398; *Dolen v. State*, Id., 405; *Empkie v. McLean*, Id., 629; *Donovan v. Sherwin*, 16 Id., 130; *Richards v. State*, 22 Id., 146; *Clapp v. Bowman*, Id., 200). Such a rule is necessary in order to protect the rights of the parties. It requires the judge before whom the cause was tried to certify the evidence before him upon which he based his decision. In case the parties agree as to the evidence, the statute authorizes the clerk to certify.

The affidavits in question, not being certified, will be stricken out of the record. The fourth point of the motion, therefore, is

SUSTAINED.

THE other judges concur.