## ANNIE SCHEFFLER

*vs.*

## LILY M. LEE, Guardian ad Litem of Howard Lee.

*Personal injuries: action for damages. Examination by physi-
cians: discretion of court to order——; non pros.*

In an action for damages resulting from personal injuries,
the defendant can not demand, as a matter of right, that the
plaintiff submit to a personal examination by a physician.

p. 376

Such application is addressed to the sound discretion of the
judge of the trial court, who, under the rules laid down in the
case of *U. Rwys.* v. *Cloman,* 107 Md. 681, may appoint a physi-
cian to make the examination.                              p. 376

From such action of the court there is no appeal, except in a
case of clear abuse of discretion.                        p. 376

Where the Court so directs an examination by a physician,
and the plaintiff refuses to submit, it is proper that the case
should be *non prossed.*                                  p. 376

*Decided June 22nd, 1915.*

Appeal from the Superior Court of Baltimore City. (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*L. Wethered Barroll* (with a brief by *Barroll & Gill*), for the appellant.

*Henry W. Williams* and *Albert C. Ritchie,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The only question involved in this appeal is the right of the trial Court to order a physical examination by a physician of its own selection, to be made of a party suing to recover damages for personal injuries alleged to have been inflicted by the defendant to the action.

The appellant brought an action to recover damages for personal injuries, the result of an alleged assault by the appellee, a minor. The appellee filed a petition, alleging that, although he had requested the appellant to submit herself to an examination, so that the nature, extent and permanency of the injuries for which she sought recovery might be ascertained, yet the appellant had refused to comply; and prayed the Court to order such an examination made under its control and direction. The Court passed an order *nisi* on the petition; and, after the objections of the appellant were heard, passed an order directing the appellant to submit herself to the examination of a physician selected by it, and providing therein that the defendant should file a state-

ment setting out the extent and character of the examination desired, and further providing that the appellant should have leave to file a statement of the character and extent of any further examination which she might desire the physician to make, or matters or facts which she might desire to call to his attention. It was further provided that in the event of the appellant refusing to submit to such an examination before a certain day a judgment of *non pros.* should be entered against her.

The appellee, in accordance with the foregoing order, filed a statement of the character and extent of the examination desired by him, as follows:

"(*a*) The extent and character of the wound alleged in the *narr.* to have been inflicted on her neck or chest by the defendant on or about the 27th day of February, 1914.

"(*b*) Whether the said wound is at this time healed, and if so how long the same has been healed, and if not, the present condition thereof.

"(*c*) The extent of the pain and suffering caused the plaintiff thereby.

"(*d*) Whether said alleged wound incapacitated the plaintiff from engaging in those pursuits and occupations in which she was accustomed to engage prior thereto, and if so, to what extent.

"(*e*) What future or permanent effect, if any, said wound may have on her personal appearance, general health and ability to perform her accustomed work."

The appellant, however, refused to submit to the examination, and filed in writing her reasons for such refusal, saying: "I claim the right that my person is inviolate and that same should not under any circumstances be exposed to any physician or other person against my consent."

The judgment of *non pros.* was accordingly entered.

We do not deem it necessary to enter into any detailed discussion of the contentions made on behalf of the appellant, for the reason that this Court, in a recent decision, has

unequivocally settled the question so far as this State is concerned. In the case of *United Rys. & Elec. Co.* v. *Cloman,* 107 Md. 681, the opinion being prepared by the present CHIEF JUDGE of this Court, it was held that such an examination could not be demanded as a matter of right by a defendant, but that the application was addressed to the sound discretion of the Court and would not be interfered with by this Court unless such discretion was manifestly abused. It was conceded that the Federal Courts held that no power existed to compel a plaintiff to submit his person to a physical examination, and cited the case of *Union Pac. Co.* v. *Botsford,* 141 U. S. 250, as illustrating this. That case is much relied upon by the appellant as supporting her contention. It was also conceded that in our State courts the authorities were conflicting, but this Court took the position that the weight of authority and the correct view of the question was as we have stated. Having so recently taken this position, we see no reason to change from it. The opinion points out many cautions to be taken before exercising the discretion in favor of the defendant. All of these, in the present case, seem to have been followed, and, as there was no abuse of the discretion, we will affirm the judgment of *non pros.* entered because of a refusal to comply with the order of the trial Court.

*Judgment affirmed, with costs to the appellee.*