KATHERINE O'BRIEN, APPELLEE, V. PATRICK E. SULLIVAN, APPELLANT.

FILED JANUARY 26, 1922. No. 21856.

1. **Appeal: INSTRUCTIONS.** "Stating the issues to the jury by copying the pleadings in the instructions is a practice not to be commended, but, where it appears that such a course has not resulted in prejudice to the rights of the complaining party, it is not a sufficient ground for reversal." *Tobler v. Union Stock Yards Co.*, 85 Neb. 413, followed.

2. **Damages: PERSONAL INJURIES: ORDER FOR PHYSICAL EXAMINATION.** In an action for damages for personal injuries, it is proper for the trial court to order a physical examination of the injured party by competent physicians and surgeons, to ascertain the character and extent of the alleged injuries. In such case, the application for the examination must be timely made.

3. **Appeal: DAMAGES: PHYSICAL EXAMINATION: DISCRETION OF COURT.** Where a request for a physical examination of the injured party is made after the trial has commenced, it is within the sound discretion of the trial court whether such request be granted. In such case, the ruling of the court will not be disturbed unless, under all of the circumstances, there appears to be an abuse of such discretion.

4. **Evidence** examined, and *held* sufficient to support the judgment of the trial court.

APPEAL from the district court for Hayes county: CHARLES E. ELDRED, JUDGE. *Affirmed.*

*C. A. Ready, Lambe & Butler* and *Walter D. James,* for appellant.

*Scott & Scott, contra.*

Heard before LETTON, DEAN and DAY, JJ., ALLEN and BEGLEY, District Judges.

DAY, J.

Plaintiff recovered a judgment against the defendant, who is her brother, for $1,500 damages for inflicting an assault and battery upon her. The defendant appeals.

Three grounds are urged for a reversal of the judgment.

It is first urged that the court erred in giving instruction No. 1, in which the claims made by the plaintiff as a basis for her action are set forth. The particular complaint made is that, in stating the issues on behalf of the plaintiff, the court practically copied the plaintiff's petition, and that the account of the affray was stated in such extravagant language as to be prejudicial to the defendant. The instruction states that the plaintiff alleges that the defendant "unlawfully, wilfully, maliciously and violently set upon the plaintiff and struck, beat, bruised and wounded her, thereby inflicting upon her great, severe and permanent injuries, and cut, bruised and wounded the plaintiff's nose, jaw, face, mouth, neck, arms, and chest, and loosened and broke and knocked out her teeth, broke two of her ribs, wrenched her arm, and bruised and injured her on and about the upper portion of her body." Following this description, the instruction further charges that from the effects of such treatment the plaintiff suffered great pain and mental anguish, and will continue to do so in the future. It is quite apparent that a number of superfluous adjectives are used in characterizing the nature of the assault, and perhaps some exaggeration has been used in describing the extent of the injuries inflicted. While this court has on a number of occasions looked with disfavor upon the practice of copying the pleadings in stating the issues to be determined by the jury, especially when they are long and involved and are liable to create confusion in the minds of the jury, yet, unless it appears that such instructions resulted in some prejudice to the rights of the complaining party, it will not be sufficient ground for reversal. *Tobler v. Union Stock Yards Co.*, 85 Neb. 413. The instruction was short and uninvolved, and free from objection except in the use of somewhat extravagant language. Considering the whole instruction in the light of the testimony, to which reference will be hereinafter made,

we do not regard it as such a violation of the rule requiring the issues to be stated in clear and simple language as to result in any prejudice to the defendant.

The next assignment of error is directed against the action of the court in overruling the defendant's motion that the plaintiff be required to submit to a physical examination by a competent physician for the purpose of ascertaining the character and extent of her injuries. It is now well settled by the weight of authority that trial courts have the inherent power to require the plaintiff, in an action to recover damages for personal injuries, to submit his or her person to a reasonable private physical examination by competent physicians and surgeons to ascertain the nature and extent of the alleged injuries. 14 R. C. L. 696, and cases cited. This court has spoken on the subject in *State v. Troup*, 98 Neb. 333, as follows:

"In an action for damages caused by injuries to the person, the trial courts have power to order an expert examination of the person of the party injured, when the circumstances of the trial make it necessary to do so and no substantial harm can result therefrom."

In the present case, however, the ruling of the trial court seems to have been based upon the fact that the application for a physical examination was not timely made. It appears that after the case was called for trial, and the impaneling of the jury commenced, a motion was made for an order for a physical examination of the plaintiff. The motion was overruled, "on account of the delay in the trial of the case that would result from a physical examination being had at this time, and no reason being shown for the delay in making said application." It is plain that whether the court should stop the progress of a trial for the purpose of ordering a physical examination, especially when no reason is shown why the application was not sooner made, is a matter which rests in the sound legal discretion of the trial court, and unless such discretion has been abused, the action of the court will not constitute reversible error. Under the

record in this case, we are not prepared to say that the ruling of the court on the motion was an abuse of discretion. If a personal examination is desired, the better practice is to make the application before the trial begins, and to have experts agreed upon by the parties or appointed by the court. *Stuart v. Havens,* 17 Neb. 211; *City of Chadron v. Glover,* 43 Neb. 732.

Lastly, it is urged that the evidence is not sufficient to support the judgment, and that the verdict was the result of passion and prejudice brought about in part at least by the extravagant statement of the issues. One of the physicians who examined and treated the plaintiff for her injuries testified that she had suffered a fractured rib, and discolored tissue, and that she breathed with difficulty. The plaintiff testified that the defendant struck her a number of times; that he broke two of her teeth out, and knocked two loose; that he beat her all over; that he broke her rib; that the bruises produced a lump which, the doctor said, would probably start a cancer; that he struck her on the nose, face, jaw, and under the ear, and that at the time of the trial, some two years after the affray, she was still having her nose treated. The defendant's theory was that the plaintiff was the aggressor. In giving his version of the encounter, the defendant stated that he never struck the plaintiff at all; "I had no occasion to; I put my open hand up and pushed her back; I was not even out of humor."

It will serve no good purpose to detail the evidence further. Suffice it to say that we are satisfied that the assault upon the plaintiff was entirely unjustifiable; that the evidence is sufficient to support the judgment; and that there is nothing in the record to warrant us in holding that the verdict was the result of passion and prejudice.

Finding no reversible error in the record, the judgment is

AFFIRMED.