JOHN ANDRUS, PLAINTIFF, v. JOHN FOMFARA, DEFENDANT.

Decided February 26, 1925.

**Negligence—Personal Injury—Evidence—Physical Examination of Plaintiff—Statute Authorizing Such Examination Does Not Contemplate Examination of Cells of a Growth, a Procedure Amounting to an Operation, Nor Yet to the Making of an X-ray Photograph.**

On application for physical examination of plaintiff.

Before Justices KALISCH and KATZENBACH.

For the motion, *Frank G. Turner.*

Contra, *Warren Dixon.*

PER CURIAM.

There were two motions argued in this case. One was to amend the complaint which was granted on the day of argument. The other motion was made on behalf of the defend-

ant, and was for the allowance of an order to physically ex-. amine the plaintiff before trial.

The plaintiff contends that by reason of the defendant's negligence he was injured, and that a growth on the outside of his body, near the hip, is a result of said injury, and is a malignant and cancerous growth. The defendant desires not only to have the plaintiff examined by surgeons, but to have the order of examination provide that the surgeons may make an excision of some of the cells of the alleged cancerous growth, sufficient in number to examine the same under a microscope, claiming that this is the best test to determine whether the growth is of a cancerous nature or not. If the court is not willing to direct that the plaintiff submit himself to an excision of a portion of the growth, then it is requested that the court direct that X-ray plates of the growth may be taken. If the court is unwilling to grant either of these requests, then the court is asked to make an order for an examination by surgeons, without excision and without the making of X-ray plates.

This application is made under section 19 of the Evidence act. This section was originally passed in 1896, and repassed in 1900. *Pamph. L.* 1900, *p.* 367. The act reads as follows: "On or before the trial of any action brought to recover damages for injury to the person, the court before whom such action is pending may from time to time, on the application of any party therein, order and direct an examination of the person injured as to the injury complained of by a competent physician or physicians, surgeon or surgeons, in order to qualify the person or persons making such examination to testify in the said cause to the nature, extent and probable duration of the injury complained of; and the court may, in such order, direct and determine the time and place of such examination, provided this section shall not be construed to prevent any other person or physician from being called and examined as a witness as heretofore."

This act has been held to be constitutional, and not an infringement of the constitutional right of a party in a civil

suit to be confronted by the witness. *McGovern* v. *Hope*, 63 *N. J. L.* 76.

It will be observed that the statute gives to the court only the power to direct and order an examination of the person injured. The request of the defendant is more than an examination. It amounts to a request for an operation. In our opinion the statute is not broad enough to give the court power to oblige a plaintiff to submit to an excision of cells from a growth in order to furnish testimony for the defendant, as to the nature of the plaintiff's ailment. No case is cited on the brief for the defendant which goes to this length. In *City of Kingfisher* v. *Alitzer (Okla.)*, 74 *Pac. Rep.* 107, it was held that the court could not order the plaintiff, in an action for personal injuries, to submit to a surgical examination either before or during trial. In *Louisville Railroad Co.* v. *Hartlege*, 74 *S. W. Rep.* 742, it was held that an unmarried woman was not obliged to submit to a physical examination of her person, demanded by the defendant, which would result in suffering, pain and a destruction of the hymen. It has been held in compensation cases in this state that an employe is not obliged to submit to an operation even though physicians entertain the opinion that the operation would lessen the effect of the injury of the employe.

We are also of the opinion that we should not direct that X-ray photographs of the plaintiff be taken for the defendant. X-ray photographs sometimes result in the subject being seriously burned. In the case of *Boelter* v. *Ross Lumber Co.*, 79 *N. W. Rep.* 243, the plaintiff had submitted to an examination by the X-ray process and had been burned. The court refused to compel a second examination by such a process, and this was held not to be an abuse of the discretion of the court. In our opinion the only examination which this court should permit an order is an examination without excision or the right to take X-ray photographs.

An order for such an examination may be presented to this court if counsel cannot agree upon the conditions upon which the examination should be made.