ANNA GOLDEN, PLAINTIFF, v. PUBLIC SERVICE CO-
ORDINATED TRANSPORT, A CORPORATION OF NEW
JERSEY, DEFENDANT.

Submitted October 16, 1931—Decided December 4, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the motion, *Aaron L. Simon.*

*Contra, Henry H. Fryling.*

PER CURIAM.

This is a motion to vacate an order entered in the Passaic
Circuit directing the plaintiff to submit to an X-ray radio-
graph pursuant to the provisions of the Evidence act as
amended. *Pamph. L.* 1931, *p.* 124. The act in question in
part provides as follows: "On or before the trial of any
action brought to recover damages for injury to the person,
the court before whom such action is pending may from
time to time on the application of any party therein, order
and direct an examination of the person injured as to the
injury complained of and may in the discretion of the court
on application of any party therein and on notice to the other
party, order and direct an X-ray radiograph, or X-ray radio-
graphs, be taken of the person injured as to the injury com-
plained of by a competent physician or physicians, surgeon
or surgeons, roentgenologist or roentgenologists in the pres-

ence of a representative of all parties to the action, in order to qualify the person or persons making such examination to testify in the said cause as to the nature, extent and probably duration of the injury complained of."

It is the contention of the applicant that the act is unconstitutional under the fourteenth amendment of the constitution of the United States. No case is cited on all fours with the present matter. A number of decisions in other jurisdictions have held that in the absence of statute the court could not compel plaintiff under an examination before trial to submit to the taking of X-ray radiographs. These decisions rested upon the lack of confidence of the court in the safety of the process, not on the lack of power of the court to require an examination before trial. We assume that the legislature in enacting the 1931 amendment decided that there was perfect safety and propriety in the taking of X-ray radiographs. Hence, the order of the Circuit judge made pursuant to the statute was as well within his power as an order directing the plaintiff to submit to a physical examination in the presence of her physician by a competent physician chosen by the defendant. *McGovern* v. *Hope*, 63 *N. J. L.* 76. Nor was the power of the court, to require an X-ray to be taken, doubted in *Andrus* v. *Fomfara*, 127 *Atl. Rep.* 788; although the request was refused in that case because X-ray radiographs sometimes result in injury. The amendatory statute makes it discretionary with the court to order an X-ray radiograph, and in the absence of anything to show an abuse of discretion the order seems to be proper and within the legislative grant of power.

The motion is denied.