SOUTHERN KANSAS STAGE LINES COMPANY *v.* RUFF AND HENRY GRAMLING COMPANY.

4-4532

Opinion delivered February 22, 1937.

*Marvin A. Hathcoat* and *Carmichael & Hendricks*, for appellant.

*Reece Caudle, Shouse & Walker, Ben C. Henley, Ralph R. Rea, Virgil D. Willis* and *S. Hubert Mayes,* for appellees.

HUMPHREYS, J. Sam Ruff, a resident of Harrison, Arkansas, brought suit in the circuit court of Boone county against Southern Kansas Stage Lines Company, a nonresident corporation, and Henry Gramling & Company, a wholesale grocer in Harrison, to recover damages in the sum of twenty-five thousand dollars on account of permanent injuries he received in a collision between the stage, or bus, owned and operated by Southern Kansas Stage Lines Company and a truck owned and operated by Henry Gramling & Company, on highway 65, in or near Valley Springs, through the alleged negligence of each driver or the joint negligence of both drivers.

Henry Gramling & Company also brought suit in said court against Southern Kansas Stage Lines Company for damages in the sum of one thousand ninety-six dollars and twenty-four cents to the truck and contents.

Answers were filed denying the material allegations in each complaint.

The cases were consolidated for the purpose of trial by order of the court over the objection and exception of Southern Kansas Stage Lines Company.

The cases were set for trial on Wednesday and on the preceding Monday, two days before the trial, Southern Kansas Stage Lines Company filed a motion to compel Sam Ruff to go to Little Rock, Arkansas, where X-ray facilities were available, to submit to a physical examination. The only X-ray machine in Harrison was not large

enough for the purpose. The court refused to require him to leave Harrison for an examination, but required that he submit to an examination in Harrison if a machine was brought there. Objection was made to the ruling of the court on the motion and no X-ray examination was made in Harrison.

At the conclusion of the testimony in the case attorneys for Henry Gramling & Company moved for an instructed verdict in their favor which was granted over Sam Ruff's objection and exception, from which ruling he prayed an appeal to the Supreme Court which was granted and he afterwards perfected said appeal. The Southern Kansas Stage Lines Company moved that the case as to Sam Ruff against it be removed to the federal court when the court dismissed Sam Ruff's case against Henry Gramling & Company, which motion was denied over its objection and exception.

At the conclusion of the testimony in the case, Southern Kansas Stage Lines Company asked that the jury view the scene of the accident, which request was denied, over its objection and exception.

The trial resulted in a verdict and judgment in favor of Sam Ruff for nineteen thousand five hundred dollars against Southern Kansas Stage Lines Company and in favor of Henry Gramling & Company against it for eight hundred dollars.

In apt time an appeal from the judgments was duly prosecuted to this court.

A reversal of the judgments is insisted upon because the trial court did not require Sam Ruff to go to Little Rock and submit to a physical examination where X-ray equipment was available. It is true that Sam Ruff sued for a permanent injury to his back and one that could not be properly and definitely diagnosed without the use of the X-ray, but the record reflects that his attorneys offered to cooperate with attorneys for the Southern Kansas Stage Lines Company in having such an examination made in ample time before the trial so as not to work a continuance of the case. Southern Kansas Stage Lines Company did not avail itself of this opportunity. Had it brought an X-ray machine to Harrison and an X-ray ex-

pert of its own choosing the court would have required Sam Ruff to submit to a physical examination. All the court did was to deny its request to require him to go to a distant city for such an examination when it would have required a postponement of the case had he done so. The record reveals that he was not in physical condition to make the trip when the motion was filed. He had just returned from Little Rock. Dr. McGill had examined him and he was greatly fatigued and had temperature as a result of the trip. Under these circumstances the court did not abuse its discretion in denying the request.

A reversal of the judgments is insisted upon because the court consolidated the cases. Our statute for consolidation of cases is very broad and these cases come within the statute. They are civil suits against Southern Kansas Stage Lines Company by different parties who sustained damages in the same collision between a truck and a bus on account of the alleged negligence of the driver of the bus. The evidence in the cases must have necessarily been, in substance, the same in both cases. This court said in the case of *St. Louis, I. M. & S. Railway Co.* v. *Raines,* 90 Ark. 482, 119 S. W. 266: "The object of this act was to save a repetition of evidence and an unnecessary consumption of time."

The court did not err in consolidating the cases.

A reversal of the judgment is insisted upon because the trial court refused to transfer the causes to the federal court upon a renewal of the motion to transfer which the Southern Kansas Stage Lines Company had theretofore filed. The right to remove the case when the motion was first filed was denied by the trial court because Southern Kansas Stage Lines Company failed to file its petition and bond for transfer within the time required by § 1208 of Crawford & Moses' Digest to file its answer. The Southern Kansas Stage Lines Company then brought suit in an original proceeding in this court against the circuit judge to prohibit him from proceeding to hear and determine the case. This court denied the application for the writ placing the denial on the following ground:

"Section 29 of the Judicial Code, (28 USCA § 72) in effect provides that the petition and bond for removal from a state to a federal court must be filed in the state court at the time or any time before the defendant is required by the laws of the state to answer or plead to the complaint. By § 1208 of Crawford & Moses' Digest, a defendant is required to answer or plead by noon of the first day the court meets in regular session after the summons has been served twenty days in any county in the state. By the plain mandate of the two enactments just cited a petition and bond for removal from a state to a federal court must be filed in the state court by noon of the first day that such court meets in regular or adjourned session after the summons has been served twenty days in any county. *Southwest Power Co.* v. *Price,* 180 Ark. 567, 22 S. W. (2d) 373. The admitted facts in this case are that the Boone circuit court was in adjourned session on October 21, 1935, and on November 28, 1935, both of which sessions were held more than twenty days after the actual service of summonses upon the petitioner." *Southern Kansas Stage Lines Company* v. *Holt, Judge,* 192 Ark. 165, 90 S. W. (2d) 473.

The trial court might well have refused to transfer the cause to the federal court on other grounds when the motion to transfer was renewed, but it is unnecessary to set out additional grounds in view of the decision in the application for a writ of prohibition in this court.

A reversal of the judgments is insisted upon because the court refused the request of Southern Kansas Stage Lines Company to have the jury view the scene of the accident. The scene of the accident was on an ordinary section of a highway. There was nothing out of the ordinary about the place. The physical conditions could be easily explained and understood. Several photographs of the place taken a short time after the collision appear in the record and were used by the witnesses in testifying. The request for a view was not made until about night after the evidence was all in. There is no statute in this state requiring a court to send the jury out to make a view in this class of cases. It was a matter clearly within the discretion of the trial court and there is noth-

ing in the record to indicate he abused his discretion in denying the request. Certainly no prejudice resulted to Southern Kansas Stage Lines Company on account of the request being denied.

The record reflects that Sam Ruff was riding in the truck as a guest at the time he received the injury and was not entitled to recover any amount from Henry Gramling & Company on account of the existence of the guest statute which only permits a recovery by a guest from a host in whose automobile he is riding unless the negligence alleged and established reveals that it was wanton or willful negligence on the part of the host or his agent. There is no evidence in the record tending to show wanton and willful negligence on the part of the truck driver. Sam Ruff contends, however, on appeal, that the guest statute is unconstitutional and for the reason he might recover from Henry Gramling & Company on account of any negligence on the part of their driver contributing to his injury. This court held in the case of *Roberson* v. *Roberson, ante, p.* 669, 101 S. W. (2d) 961, that act 61 of 1935, commonly known as the guest statute, is constitutional, so there must be an affirmance of the court's dismissal of Sam Ruff's case against Henry Gramling & Company on his appeal.

A reversal of the judgments is insisted upon because it is asserted that there is no evidence to support them. In determining this question we must view the evidence in the most favorable light to Sam Ruff and Henry Gramling & Company. The evidence, thus viewed, is, in substance, as follows:

Sam Ruff was riding in the truck as a guest. It was loaded with groceries. Boyd Ruff, Sam Ruff's son, was driving the truck. He was an experienced, careful driver, and familiar with the road. The highway ran nearly north and south through Valley Springs. The bus had stopped at its station in Walker's Store in Valley Springs, on the left-hand side thereof going south, to take on a passenger, and was parked about ten feet from the edge of the pavement and a short distance from a highway bridge. The truck came south over the top of a hill about one-fourth mile north of Valley Springs, traveling

at the rate of forty miles an hour, at which time the driver observed the bus standing at the station. The driver of the bus, by looking north, could have seen the truck coming down the hill. When the truck got within one-hundred feet of the station the bus started toward the pavement on an angle of forty-five degrees. The driver of the truck immediately blew his horn, expecting the bus driver to stop until he passed, but the bus driver continued to move onto and across the road in front of the truck. As soon as the truck driver discovered the bus driver did not intend to stop he threw on his brakes and checked his speed, but was unable to stop the truck or turn to the left before striking the rear left end of the bus, the bus having passed in front of him and started across the bridge. The impact caused the truck to turn over in a ditch and its load to fall forward on Sam Ruff, who had been sitting in the cab with the driver, and permanently injured him. The evidence, thus stated, as to the manner and cause of the collision was disputed by the witnesses introduced by Southern Kansas Stage Lines Company. These witnesses exonerated the bus driver from negligently driving the bus across the road, stating, in substance, that after starting towards the road he stopped at the edge of the pavement and looked to the north and saw no truck approaching and then moved to the right-hand side of the road and had partially crossed the bridge before the truck ran into the rear end of the bus; that if the truck driver had been traveling at a reasonable rate of speed he could have turned to his left and passed around the bus, or could have stopped before running into it.

To make a long story short, the evidence was in sharp conflict as to the cause of the collision and as to which driver was to blame. This disputed question of fact was one for the jury to determine. There is ample evidence in the record to support the verdicts and consequent judgments.

It is insisted that the verdict and judgment in favor of Sam Ruff against the Southern Kansas Stage Lines Company is excessive. According to the evidence of the physicians who testified in the case in behalf of Sam

Ruff, he is permanently injured. He was bruised and lacerated about the chest and back. His left knee joint was dislocated and three of his left lower ribs were broken. A part of the fourth lumbar vertebra was broken off. All of these injuries together caused him to suffer excruciating pain and the injury to the spine permanently injured him to the extent that he cannot pursue a gainful occupation for the balance of his natural life, and he will suffer much pain in the future. He was a healthy man before he was injured and had for many years prior thereto earned one hundred seventy-five dollars per month on the average. He had an expectancy of twenty and ninety-one one hundredths years and was a large earner in many capacities before he was injured. We cannot, therefore, say that the verdict and judgment is excessive.

No error appearing, the judgments are affirmed.