MUTUAL LIFE INSURANCE COMPANY OF NEW YORK
v. PHILLIPS.

4-5819 137 S. W. 2d 910

Opinion delivered March 11, 1940.

*Louis W. Dawson* and *Moore, Burrow & Chowning,* for appellant.

*Sid J. Reid,* for appellee.

GRIFFIN SMITH, C. J. The appeal is from a judgment for accrued benefits under a policy compensating the insured if totally and permanently disabled. There was an intervention by Vance M. Thompson with which we are not concerned. The only question is whether the trial court abused its discretion in declining to direct the plaintiff (appellee Phillips here) to subject himself to an X-ray examination in Little Rock or Pine Bluff. It was stipulated that physicians in Sheridan were not equipped with necessary appliances. Phillips claimed to be suffering from a peptic ulcer of the duodenal cap.

Suit was brought in January, 1939. Court convened February 20. Appellant then moved that Phillips be required to submit to an X-ray examination. The insurance company, by supplemental motion of concurrent date, offered to pay all expenses necessary to an examination in Pine Bluff or Little Rock. Answer was

filed February 22. By consent the cause was continued until April 25. Judgment was then given for $383.70 on a jury's verdict. The statutory penalty of 12 per cent. was assessed, with attorney's fee of $150.

In the stipulation Phillips consented ". . . to submit to any physical examination by any physician selected by defendant company, or any local physician in the town of Sheridan; provided, however, [the plain-tiff] is not required to leave his home for the purpose of said examination."

Phillips was not confined to his home, although phy-sicians had advised that considerable time be spent in bed. In response to a question relating to his activities he testified: "Yes, I go to Little Rock quite often, but mostly to see a doctor." In applying to the state for automobile driver's license for 1939 he certified that his physical condition was such that he could drive safely.

The record sustains appellant's contention that un-reasonable hardship would not have been imposed upon Phillips by requiring him to submit to the examination. Little Rock and Pine Bluff were the nearest points where appropriate facilities were available.

In *Sibley, Receiver, et al.,* v. *Smith,* 46 Ark. 275, 55 Am. Rep. 584, the rule was announced that where the plaintiff in an action for personal injuries alleged that such injuries were permanent, the defendant (as a matter of right) is entitled to have competent medical opinion in respect of the injuries, and to this end a personal examination of the plaintiff would be required.

Ten years later [1] the principle was reaffirmed when it was said that it was within the sound discretion of the circuit court to order an examination of the plaintiff.

A more recent case is *Southern Kansas Stage Lines Company* v. *Ruff.*[2] Although the trial court was sus-tained in denying the request for a compulsory examina-tion, affirmance was on the ground that the plaintiff had shown a willingness to co-operate; that delay was

[1] *Railway Company* v. *Dobbins,* 60 Ark. 481, 30 S. W. 87.

[2] 193 Ark. 684, 101 S. W. 2d 968.

not occasioned by the plaintiff, and that to grant the order at the time it was finally urged would have unnecessarily delayed trial. There is this language in the opinion:

"Had [the defendant] brought an X-ray machine to Harrison and an X-ray expert of its own choosing, the court would have required Sam Ruff to submit to a physical examination. All the court did was to deny [defendant's] request to require [plaintiff] to go to a distant city for such an examination when it would have required a postponement of the case had he done so."[3] [Other parts of the opinion are printed in the footnote.]

The trial court in the instant case had in mind the physical condition of Phillips and no doubt acting upon what were conceived to be humanitarian considerations declined to make an order that would have occasioned some discomfort and inconvenience. We think, however, the spirit of our decisions is that necessary examinations be required if it is practicable to have them made. A court would be justified in denying such order only in those cases where enforcement of the rule would be unreasonable. Expressed differently, one who is ill and whose right to compensation is the issue, or who is injured and alleges the cause to have been the actionable negligence of the defendant, should co-operate in all reasonable methods having for their purposes an honest determination of the extent and probable consequences of such illness or injury.

Appellee Phillips argues that appellant's motion should have been renewed when trial was continued from February until April. It is our opinion that the original motion and amendment were sufficient. They were acted upon by the court and in effect denied.

For the error in refusing to direct an X-ray examination in Little Rock or Pine Bluff the judgment is reversed. The cause is remanded with directions that the motion be granted.

---

3 "The record reveals that [Ruff] was not in physical condition to make the trip when the motion was filed. He had just returned from Little Rock and was greatly fatigued and had temperature as a result of the trip." [The opinion shows the motion to have been made only two days prior to the date set for trial.]