175 P.2d 1007

GREENHOW v. WHITEHEAD'S, Inc.
No. 7317.

Supreme Court of Idaho.
Dec. 30, 1946.

W. H. Langroise and W. E. Sullivan, both of Boise, for appellant.

J. F. Martin, of Boise, for respondent.

GIVENS, Justice.

Appellant sued respondent, druggists, for damages for the claimed faulty filling of a prescription, resulting in claimed injury to her person. After answer by respondent and note of issue, the case was set for trial at 10:00 A.M. Monday, March 18, 1946.

March 11, 1946, respondent asked appellant's counsel to have her submit to a physical examination by respondent's physicians. Appellant's counsel was then acquiescent, but advised respondent March 14 that appellant would not submit to an examination by one of the physicians selected. Other physicians were then suggested by respondent, when appellant's attorney advised respondent that appellant would not submit to any physical examination by any doctor, other than her attending physician.

March 16 respondent sought and secured an order from the trial court requiring appellant to submit to a physical examination at 12:30 of that day at the office of one of the selected physicians. Certain telephone conversations ensued between appellant and one of the physicians, the court and her attorney, and she then indicated willingness to submit to the examination, but later stated she could not be present and secure attendance of her physician at that time.

Twelve-thirty of the 16th went by and after further negotiations, the meeting was deferred to 1:30. Appellant then stated the time was too short and she was engaged in taking care of a child and an older person and could not be present. As a result, no physical examination was made on the 16th.

On the morning of the 18th, Sunday intervening, respondent moved, on affidavits pro and con, to dismiss the case because

of appellant's failure to comply with the order.

At this hearing, appellant testified she had told her attorney, "before 12:00 o'clock Saturday, that you (she) would submit to that (physical) examination at 4:00 o'clock that afternoon." And at the conclusion of the hearing, in appellant's presence in open court, appellant's attorney stated: "At this time we renew our offer to submit to an examination." Whereupon, respondent's counsel renewed his objection to the offer and the court dismissed the cause.

The appeal is from this order of dismissal, questioning the court's authority to enter the order requiring a physical examination; and that he abused his discretion in dismissing the suit.

Incidentally, the record indicates appellant had no objection to the two physicians last suggested by respondent to conduct the examination if her physician could also be present, which was agreeable to all.

A resume of the authorities considering the points involved, discloses the following:

In Union Pacific Railway Co. v. Botsford, 141 U.S. 250, 11 S.Ct. 1000, 1001, 35 L.Ed. 734, the Supreme Court of the United States, based on "Inviolability of the person" as sacred and "Compulsory stripping and exposure [of the body] as by a blow;" that such order was not known to common law, except in cases involving infancy, identity, mayhem, or atrocious battery, and injury super visum vulneris presaging increased damages, considered admissible according to Blackstone as quoted, for the enlightenment only of the court, not the jury. "Physical examination relative to divorce, de ventre inspiciendo in female capital cases, and claim of enciente with a legitimate heir", all rejected by the court as inapplicable precedents in the United States and concluded that the above, or orders for inspection of property or documents unauthorized by statute, or projectively requested pre-trial examination of witnesses, did not authorize the court ordering a physical examination of a plaintiff by defendant's physicians without plaintiff's consent.

Florida. Has a statute, but held in Deffer v. Walker, 125 Fla. 189, 169 So. 660, at page 663, that without an authoritative statute of the state, the court would not have power to order such a physical examination.

Hawaii. In Choy v. Otaguro, 32 Haw. 543, at pages 551, 552, the court first announced the rule as stated in Botsford, supra, and then proceeds:

"It is equally well settled that if a plaintiff 'unreasonably refuses to show his injuries, when asked to do so, that fact may be considered by the jury, as bearing on his good faith, as in any other case of a party declining to produce the best evidence in his power.' Union Pac. Railway Co. v. Botsford, supra, 141 U.S. at page 255, 11 S.Ct. at page 1002, 35 L.Ed. 734. 'No doubt, in general, a refusal to be examined

by a proper doctor sent by the other side would be admissible in evidence and would be a proper subject for severe comment and a ground for adverse inference, at the very, least.' Stack v. New York, N. H. & H. Railroad Co., 177 Mass. 155, 159, [58 N.E. 686, 52 L.R.A. 328, 83 Am.St.Rep. 269]. * * * Because of the refusal of the plaintiff to permit an examination by the three named doctors in advance of the trial (that there was a refusal, see below), the defendant was unable to offer any medical testimony on the subject of the extent or the permanency of the plaintiff's alleged injuries and, necessarily, the case went to the jury on that issue, very largely upon the testimony adduced by the plaintiff. It became important, therefore, to the defendant to show if he could, by cross-examination of the plaintiff, that he had refused to comply with the request for an examination by the three doctors. Nor was the error cured by the offer of the plaintiff to have the doctors make the examination in open court. It is easily apparent that such an examination could not be satisfactorily made in open court or away from the doctors' own offices with the facilities there available for such a purpose. This error was highly prejudicial and must result in a new trial."

Illinois. Chicago, R. I. & P. R. Co. v. Benson, 352 Ill. 195, 185 N.E. 244, 247, in considering the situation detailed by the Hawaiian court holds, adhering to the rule previously announced in the Botsford case: "* * * That to permit such a question

to be asked in the presence of the jury practically compelled him to submit to the examination because of the unfavorable effect likely to be produced upon the minds of the jury, if he refused, and that it was the settled law of this state that the plaintiff in an action of this kind could not be required to submit to a physical examination as to his injuries." Citing cases.

Louisiana. Bailey v. Fisher, 11 La.App. 187, 123 So. 166 (2d case), holds the court has no authority to require plaintiff to permit a physical examination, but holds, nevertheless, that when plaintiff refuses to comply with a request therefor, his or her physician will not be permitted to testify. Daste v. First Nat. Life, Health & Accident Ins. Co., 14 La.App. 565, 130 So. 572; Harris v. New York Life Ins. Co., 195 La. 853, 197 So. 579; Bishop v. F. W. Woolworth & Co., La.App., 8 So.2d 701.

Thus, Louisiana, while denying the authority of the court to make an order compelling the examination, reaches somewhat the same effect by such rule of exclusion applied to the plaintiff.

Massachusetts. Stack v. New York, N. H. & H. R. R. Co., 177 Mass. 155, 58 N.E. 686, 52 L.R.A. 328, 83 Am.St.Rep. 269, held that: "The court has no power to order plaintiff in a personal injury case to submit to inspection of his person in order to enable the person making the examination to qualify as a witness, either independently of or under Pub.St. c. 170, § 43 * * * or under St.1887, c. 383, § 3, au-

thorizing the court to issue such orders as the case may require."

Mississippi. Yazoo & M. V. R. Co. v. Robinson, 107 Miss. 192, 65 So. 241, holds the court has no power to order the plaintiff to submit to a physical examination by physicians appointed by the court.

Montana. May v. Northern Pacific Ry. Co., 32 Mont. 522, 81 P. 328, 70 L.R.A. 111, 4 Ann.Cas. 605, after an exhaustive review of cases relative to the question in point, held that a court of law may not exercise the powers of a court of equity and that in the absence of statute, there could be no inspection of documents and that the court found no existence of power to make an order compelling a physical examination of plaintiff. It followed and elaborated the reasoning in the Botsford case and holds the court has no power to make the order and could not enforce it; that the court has no authority to dismiss the action upon noncompliance and that authority to do so must be supplied by legislative action, the same thought being adhered to in Cornell v. Great Northern Ry. Co., 57 Mont. 177, 187 P. 902, at page 908.

New York consistently held the court had no authority to make such an order, but now has an authorizing statute. McQuigan v. Delaware, L. & W. R. Co., 129 N.Y. 50, 29 N.E. 235, 14 L.R.A. 466, 26 Am.St.Rep. 507. Delaware similarly now has a statute. Bowing v. Delaware Rayon Co., Del.Sup., 188 A. 769 and Id., Del. Sup., 190 A. 567; likewise, New Jersey,

McGovern v. Hope, 63 N.J.L. 76, 42 A. 830, Andrus v. Fomfara, 127 A. 788, 3 N.J.Misc. 261, and Washington, Titus v. City of Montesano, 106 Wash. 608, 181 P. 43.

Oklahoma. Chicago, R. I. & P. Ry. Co. v. Hill, 36 Okl. 540, 129 P. 13, at page 15, 43 L.R.A.,N.S., 622; Atchison, T. & S. F. Ry. Co. v. Melson, 40 Okl. 1, 134 P. 388, Ann.Cas.1915D, 760 (2d case) and Oklahoma Ry. Co. v. Thomas, 63 Okl. 219, 164 P. 120, L.R.A.1917E, 405, hold the court has no authority, but defendant may offer testimony before the jury of plaintiff's refusal to submit to the examination.

South Carolina. Easler v. Southern Ry. Co., 60 S.C. 117, 38 S.E. 258, holds a statute for discovery and pre-trial examination of opposite party does not empower the court to order a physical examination. Best v. Columbia Electric St. Ry. Light & Power Co., 85 S.C. 422, 67 S.E. 1 (2d case), Brackett et al. v. Southern Ry. Co., 88 S.C. 447, 70 S.E. 1026, Ann.Cas.1912C, 1212.

Texas. Austin & N. W. Ry. Co. v. Cluck, 97 Tex. 172, 77 S.W. 403, 64 L.R.A. 494, 104 Am.St.Rep. 363, 1 Ann.Cas. 261, holds the trial court has no authority to make an order compelling an examination, Carter v. Lindeman, Tex.Civ.App., 111 S.W.2d 318, but such refusal is proper for the jury to consider as bearing on the credibility and sufficiency of the testimony on which plaintiff seeks to recover. Tarver v. Vallance, Tex.Civ.App., 97 S.W.2d 748 and Anizan v. Paquette, Tex.Civ.App., 113

S.W.2d 196. If the plaintiff exhibits the injured portion of his body to the jury, it may be examined by the physicians on the other side. Kirkpatrick v. Neal, Tex.Civ.App., 153 S.W.2d 519.

Utah. Larson v. Salt Lake City, 34 Utah 318, 97 P. 483, 23 L.R.A.,N.S., 462, and Sharp v. Ogden Rapid Transit Co., 48 Utah 481, 160 P. 438, closely parallel the reasoning and holding by the Montana court and on like grounds deny the right or authority of the court to make such order.

Holding to the contrary are:

Alabama. Alabama Great Southern Ry. Co. v. Hill, 90 Ala. 71, 8 So. 90, at page 91, 9 L.R.A. 442, 24 Am.St.Rep. 764, after a consideration and discussion of the adverse rule, concluded the following propositions have been established and approved by a majority of state courts: " * * * (1) That trial courts have the power to order the surgical examination by experts of the person of a plaintiff who is seeking a recovery for physical injuries; (2) that the defendant has no absolute right to have an order made to that end and executed, but that the motion therefor is addressed to the sound discretion of the court; (3) that the exercise of that discretion will be reviewed on appeal, and corrected in case of abuse; (4) that the examination should be ordered and had under the direction and control of the court whenever it fairly appears that the ends of justice require the disclosure or more certain ascertainment of facts which can only be brought to light or fully eluci-

dated by such an examination, and that the examination may be made without danger to plaintiff's life or health, and without the infliction of serious pain; and (5) that the refusal of the motion, where the circumstances present a reasonably clear case for the examination under the rule last stated, is such an abuse of the discretion lodged in the trial court as will operate a reversal of the judgment in plaintiff's favor." and accordingly held the court had power to order a physical examination.

A statute was later passed in Alabama in 1916 in accord with the above rule. Atlantic Coast Line R. Co. v. Dees, 56 Fla. 127, 48 So. 28.

Arkansas. St. Louis S. W. Ry. Co. v. Dobbins, 60 Ark. 481, 30 S.W. 887, 31 S.W. 147, following Sibley v. Smith, 46 Ark. 275, 55 Am.Rep. 584, recognized the court has power to require plaintiff to submit to a physical examination. The same rule was adhered to and re-affirmed in Triangle Lumber Co. v. Acree, 112 Ark. 534, 166 S. W. 958, at page 962, Ann.Cas.1916B, 773, and Mutual Life Ins. Co. of New York v. Phillips, 200 Ark. 77, 137 S.W.2d 910.

California. Johnston v. Southern Pac. Co., 89 P. 348, in a back-handed manner seems to adopt as the holding of the majority of state courts, the rule that the court has the authority to order such an examination, though the rule in that State is not clear. Anderson v. United States, Inc., 219 P. 748.

Colorado. Western Glass Mfg. Co. v. Schoeninger, 42 Colo. 357, 94 P. 342, 344, 15 L.R.A.,N.S., 663, 126 Am.St.Rep. 165, after fully considering the Botsford case, supra, concluded the better reasoned and majority rule is that expressed in Alabama Great Southern Ry. Co. v. Hill, supra, as follows: " * * * (1) That trial courts have the power to order a medical examination by experts of the person of a plaintiff seeking a recovery for personal injuries. (2) That a defendant has no absolute right to demand the enforcement of such an order, but that the motion therefor is addressed to the sound discretion of the trial court. (3) That the exercise of such discretion is reviewable by the appellate court, and corrected in case of abuse. (4) That the examination should be applied for and made before entering upon the trial, should be ordered and had under the direction and control of the court, whenever it fairly appears that the ends of justice require the disclosure or more certain ascertainment of important facts, which can only be disclosed, ascertained, and fully elucidated by such an examination, and when the examination may be made without injury to plaintiff's life or health or the infliction of serious pain. (5) That the refusal of the motion where the circumstances appearing in the record present a reasonably clear case for the examination, under the rule stated, is such an abuse of the discretion lodged in the trial court as will result in a reversal of the judgment in plaintiff's favor. (6) That such order may be enforced, not by punishment as for a contempt but by staying or dismissing the action."

Connecticut. Cook v. Miller, 103 Conn. 267, 130 A. 571, 573, adopts with approval the reasoning in 4 Wigmore on Evidence, 2d Ed., § 2220, pp. 723, 729, in favor of the right to order the examination: "To allow the plaintiff in such cases, if he sees fit to display his injuries to the jury, to call in as many friendly physicians as he pleases, and have them examine his person, and then produce them as expert witnesses on the trial, but at the same time deny to the defendant the right in any case to have a physical examination of the plaintiff's person, and leave him wholly at the mercy of such witnesses as the plaintiff sees fit to call, constitutes a denial of justice too gross, in our judgment, to be tolerated for one moment."

Georgia. Macon & B. Ry. Co. v. Ross, 133 Ga. 83, 65 S.E. 146 (1st case), makes it discretionary with the court, but recognizes the power to require a physical examination: "The power of the trial court to require a plaintiff, suing for a physical injury alleged to be permanent, to submit to an examination by a competent physician, at the instance and expense of the defendant in order to ascertain the nature, extent, and probable duration of the injury, is one to be exercised or not according to the sound discretion of the presiding judge, under the facts of the case; and a refusal to require such a submission will not be re-

versed, unless his discretion has been abused." The request must be for an examination by a physician selected by the court. Pollard v. Page, 56 Ga.App. 503, 193 S.E. 117.

Indiana. City of South Bend v. Turner, 156 Ind. 418, 60 N.E. 271, at page 275, 54 L.R.A. 396, 83 Am.St.Rep. 200, overrules the former opinions of that court denying the power and states the rule as declared in Western Glass Mfg. Co. v. Schoeninger, supra, the same thought being reiterated in Kokomo M. & W. Traction Co. v. Walsh, 58 Ind.App. 182, 108 N.E. 19, at page 23.

Iowa. Hall v. Incorporated Town of Manson, 99 Iowa 698, 68 N.W. 922, 34 L.R.A. 207, inferentially held the right of examination exists in that State for permitting the examination.

Kansas. City of Ottawa v. Gilliland, 63 Kan. 165, 65 P. 252, 254, 88 Am.St.Rep. 232, in a well-reasoned opinion disposes of the reasons in the Botsford case, supra, as follows: "While we have the greatest respect for the decision of that court, the opinion in that case does not convince our reason. We think it is a sacrifice of justice and the rights of parties to sentiment. In actions for personal injuries the exact location and extent of the injury is frequently the very question in dispute,—the fact to be ascertained. While the court, in the exercise of its discretion, should protect the feelings and sensibilities of all litigants, the rights of the parties and the ascertainment of the truth is the chief object of a trial. The purpose of a trial is to mete out exact justice. This cannot be accomplished when the truth is suppressed, and this may be done if the court has not the power to ascertain what the truth is. In an action for personal injuries the injured party may call physicians to whom he may expose his person, not for the purpose of effecting a cure, but for the purpose of using this expert evidence to assist him in the trial of his case. He may also expose the injured portion of his person to the jury, observing the rules of decency. Should the litigant be permitted to withhold the truth or the means of ascertaining what the truth is, simply because, in the ascertainment of the truth, he may conceive the idea that an indignity is being offered? That is not an indignity which is not so intended. May he be permitted to present so much of the truth as he desires, and as he thinks to his interest, and withhold the remainder? This would certainly be his privilege if the court does not possess the power to make an order that will develop the exact truth. It is suggested by some of the authorities which hold contrary to the views herein expressed that the rule would operate harshly upon delicate and modest females. We think such may safely rely upon the courts of this country. An examination will not be ordered needlessly, or where an improper shock to modesty or feelings of delicacy would be likely. We only decide that the court has the power, and in each case it is

to be exercised or not according to the sound discretion of the presiding judge. We think it safer in the administration of justice to trust to the courts to protect the sensibilities of the parties in such examinations, so far as it is possible to do so, and beyond that to hold them subordinate in importance and sacredness to the interest of justice, than to hold that a party to a litigation has it within his power to develop so much of the facts as may appear to be to his interest, and then stop the investigation. We also think that the great weight of authority favors this view. In the ascertainment of the physical condition of the litigants in divorce actions a physical examination was allowed at common law. Devanbagh v. Devanbagh, 5 Paige 554, 28 Am. Dec. 443; Newell v. Newell, 9 Paige 25. The authority supporting this doctrine in actions for personal injuries are numerous and ample. In O'Brien v. City of La Crosse, 99 Wis. 421, 75 N.W. 81, 40 L.R.A. 831, the court held: 'That in an action for personal injuries the defendant has, in the absence of a statute, no absolute right to nave a personal examination of the injured party by physicians, but such right rests in the sound discretion of the court.' In [Miami & M.] Turnpike Co. v. Baily, 37 Ohio St. 104, the court said: 'In an action to recover for personal injuries caused by negligence of defendant, the court has power to require the plaintiff to submit his person to an examination by physicians or surgeons when necessary to ascertain the nature and extent of the injury.' In Graves v. City of Battle Creek, 95 Mich. 266, 269, 54 N.W. 757, 758, 19 L.R.A. 641, 642, 35 Am.St.Rep. 561, the court used the following language: 'The question whether the trial court has the power, under any circumstances, to require the plaintiff in an action for personal injuries to submit to an examination by a physician, before the jury, of the portion of the body alleged to have been injured, is answered in the affirmative.' In speaking of the decision of the case of [Union Pacific] Railway Co. v. Botsford, the court said: 'This decision is entitled to very great weight, but, in view of the manifest justice of a requirement that the plaintiff in a case of personal injury shall produce the best evidence attainable, we think this case should not be permitted to stem the otherwise almost unbroken current of authority upon this subject.' In Railway Co. v. Dobbins, 60 Ark. 481, 30 S.W. 887, 31 S.W. 147, which was an action for personal injuries, it was said: 'The court may require a plaintiff suing for personal injuries alleged to be permanent to submit to an examination of his person by experts, and may direct that it be made in court or elsewhere.' In Hall v. Incorporated Town of Manson, 99 Iowa 699, 68 N.W. 922, 34 L.R.A. 208, it was held: 'Where the condition of plaintiff's foot is material on the question of permanency of injury, and witnesses for plaintiff have testified that the injured foot is larger than the other, but that the leg six inches above the ankle is smaller than the other leg at

the same point, and witnesses for defendant have testified that the foot is the same size as the other, and that the leg at the point specified is larger than the other, all the witnesses having just made measurement, it is error to refuse a request to have such party's injury examined in the presence of a jury.' In [Richmond & D.] Railroad Co. v. Childress, 82 Ga. 719, 9 S.E. 602, 3 L.R. A. 808, [14 Am.St.Rep. 189,] it was held that: 'It is within the discretion of the trial court to require the plaintiff suing for a physical injury alleged to be permanent to submit to an examination by competent physicians at the instance and at the expense of the defendant in the action, to ascertain the nature, extent, and probable duration of the injury, so as to afford means of proving the same at the trial.' In [Alabama G. S.] Railroad Co. v. Hill, 90 Ala. 71, 8 So. 90, 9 L.R.A. 442, [24 Am.St. Rep. 764,] it was held: 'Where the plaintiff, a young married woman, sues to recover damages for personal injuries sustained from the derailment of the car in which she was riding as a passenger on the defendant's railroad, and her attending physician has testified, from an examination of her person, several times repeated, as to the nature, character, extent, and probable consequence of her internal injuries, but the correctness of his diagnosis is questioned by other physicians, the defendant has the right to insist that she shall submit to a personal examination by one or more other physicians or surgeons, under the direction and control of the court; and the refusal to order such examination is a reversible error when it appears that her life or health would not be thereby endangered.' 'In modern trials of civil actions for physical injuries the question has frequently arisen whether the court has power to order an inspection of the body of the plaintiff or person injured for the purpose of ascertaining the nature and extent of the injuries. Some of the courts, carrying in their minds no higher conception of a judicial trial than the conception that it is a combat, in which each of the gladiators is permitted, within certain limits, to deceive and trick the antagonist and the umpire, have denied the right of the defendant to have an order for such inspection. Other courts, taking the more enlightened view that the object of a judicial trial is to enable the state to establish and enforce justice between party and party, have held it is within the power of the trial court, in the exercise of sound discretion, in proper cases, upon an application seasonably made, under proper safeguards designed to preserve the rights of both parties, to order such an inspection, and to compel the plaintiff or injured person to submit to it.' "

Kentucky. Belt Electric Line Co. v. Allen, 102 Ky. 551, 44 S.W. 89, holds to the rule that an examination may be ordered, but by a physician selected by the court. Keller & Brady Co. v. Berry, Ky., 121 S. W. 1009.

Maryland. "The law of this state as to the power of the court to require the plaintiff to submit to such an examination is stated in United Rys. & Electric Co. v. Cloman, 107 Md. 681, 690, 69 A. 379, 382, where this court, speaking through the late Chief Judge Boyd, said: 'The authorities are conflicting on the subject. It is said that there is no record in the English reports of such an order, or even of such a motion. In the federal courts it is held that the court has no power to compel a plaintiff in an action for personal injuries to submit his person to a physical examination, and it was so decided in Union Pac. R. Co. v. Botsford, 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734. The weight of authority seems to be to the contrary, in the state courts of this country, although, while the power is admitted many cautions and limitations are suggested, and the general rule is that it cannot be demanded as a matter of right by a defendant, but the application is addressed to a sound discretion of the trial court, which will not be interfered with by an appellate court unless such discretion was manifestly abused. That seems to us to be the correct view. We cannot admit that the trial court has no such power in any case, for sometimes it may be apparent that a plaintiff is feigning, and has not suffered such injuries as he pretends he has sustained. * * * When therefore the ends of justice seem to require it, there can be no valid reason why an examination should not be permitted, if season-able application is made, and the court is satisfied that no serious physical or mental injury is likely to be done the plaintiff. * * * The court should be satisfied that the application is made in good faith and not merely to affect the jury, in case of refusal to submit to the examination.'

"In the more recent case of Scheffler v. Lee, 126 Md. 373, 94 A. 907, the plaintiff refused to submit to the examination ordered by the court, upon the ground that her person was inviolate, and that same under no circumstances should be exposed to any physician or any other person against her consent. In consequence of such refusal, a judgment of non pros. was entered, as in this case, against the plaintiff for defendant's costs. Which judgment on appeal was affirmed by this court.

"These cases fully establish the power of the court, in its discretion, to pass such an order and to enter a judgment of non pros. against the plaintiff, when she refuses to comply therewith." Brown v. Hutzler Bros. Co., 152 Md. 39, 136 A. 30, 33, 51 A.L.R. 177.

Michigan. Graves v. City of Battle Creek, 95 Mich. 266, 54 N.W. 757, 19 L.R. A. 641, 35 Am.St.Rep. 561, quoting with approval Richmond & D. R. Co. v. Childress, 82 Ga. 719, 9 S.E. 602, 3 L.R.A. 808, 14 Am.St.Rep. 189, contains reasoning which is forceful and was found by the court to prevail over that contained in the Botsford case, supra: "This conclusion may be placed upon the higher ground that,

when a person appeals to the sovereign for justice, he impliedly consents to the doing of justice to the other party, and impliedly agrees in advance to make any disclosure which is necessary to be made in order that justice may be done. The conception of the nature and objects of a judicial trial which denies to the defendant, under proper safeguards, the right of such an inspection, is not higher than that of the old law, which would not even compel a party to produce a deed or private paper in a civil case, where it was intended to be used in evidence against him, a rule which the court of chancery invaded to prevent failures of justice, and which has almost entirely disappeared from modern civil jurisprudence." [95 Mich. 266, 54 N.W. 758].

Minnesota. Wanek v. City of Winona, 78 Minn. 98, 80 N.W. 851, 46 L.R.A. 448, 79 Am.St.Rep. 354, holds the court may order an examination and if the plaintiff refuses to comply therewith, dismiss the action.

Missouri. After variously stating and considering the authority of the court to make an order for examination, beginning with Shepard v. Missouri Pac. Ry. Co., 85 Mo. 629, 55 Am.Rep. 390, Owens et al. v. Kansas City, St. J. & C. B. R. Co., 95 Mo. 169, 8 S.W. 350, 65 Am.St.Rep. 39, and Boggs v. Gosser, Mo.App., 55 S.W.2d 722, holds the refusal to submit may be presented to the jury. In view of the conclusions reached in other jurisdictions based upon other decisions of the Supreme Court of Missouri, it would appear that Missouri is generally classed in the group of states which look with favor upon the power of the court to grant such an order.

Nebraska. In an action for damages for personal injury, it is proper for the trial court to order a physical examination of the injured party by competent physicians and surgeons, to ascertain the character and extent of the alleged injury. In such case, the application for the examination must be timely made. O'Brien v. Sullivan, 107 Neb. 512, 186 N.W. 532.

Nevada. Murphy v. Southern Pac. Co., 31 Neb. 120, 101 P. 322, at page 331, 21 Ann.Cas. 502, upholds the right to make such an order.

North Carolina evidently holds that the court has authority to order such an examination. Flythe et ux. v. Eastern Carolina Coach Co. et al., 195 N.C. 777, 143 S.E. 865, at page 867, though such conclusion is not free from doubt. Fleming v. Holleman, 190 N.C. 449, 130 S.E. 171.

The following states hold in favor of the rule except as indicated:

North Dakota. Brown v. Chicago, M. & St. Paul Ry. Co., 12 N.D. 61, 95 N.W. 153, 102 Am.St. Rep. 564.

Ohio. S. S. Kresge Co. v. Trester, 123 Ohio St. 383, 175 N.E. 611; Miami & M. Turnpike Co. v. Baily, 37 Ohio St. 104, citing 14 R.C.L. 696, § 14; 1 Ann.Cas. 266; Ann.Cas.1917D, 351; Larson v. Salt Lake City, 34 Utah 318, 97 P. 483, 23 L.R.A.,

N.S., 463; Johnston v. Southern Pacific Co., 150 Cal. 535, 89 P. 348, 11 Ann.Cas. 844; McQuigan v. Delaware, L. & W. R. Co., 129 N.Y. 50, 29 N.E. 235, 14 L.R.A. 466, 26 Am.St.Rep. 507; State ex rel. Carter v. Call, 64 Fla. 144, 59 So. 789, 41 L.R.A.,N.S., 1071; State ex rel. Parmenter v. Troup, 98 Neb. 333, 152 N.W. 748, L.R.A. 1915E, 936.

Tennessee. Williams v. Chattanooga Iron Works, 131 Tenn. 683, 176 S.W. 1031, Ann.Cas.1916B, 101.

Oregon, in Hahn v. Dewey, 157 Or. 433, 72 P.2d 593, at page 601, reserved the point, but subsequently in Carnine v. Tibbetts, 158 Or. 21, 74 P.2d 974, at page 978, after a more critical review of the authorities, adopts the majority rule to the effect that the court may order such an examination.

Pennsylvania has held that such an order may be made in an insurance case. Myers v. Travelers Ins. Co., 353 Pa. 523, 46 A.2d 224.

Virginia in Basham v. R. H. Lowe, Inc., 176 Va. 485, 11 S.E.2d 638, 131 A.L.R. 761, upholds the right to order an examination by a physician selected by the court.

West Virginia first reserved the question, Perkins v. Monongahela V. T. Co., 81 W. Va. 781, 95 S.E. 797, at page 798, but eventually evidently considered the court had the power in Woodruff v. Gilliam, 116 W.Va. 101, 179 S.E. 873, at page 877.

Wisconsin holds that it is within the discretion of the court, O'Brien v. City of La Crosse, 99 Wis. 421, 75 N.W. 81, at page 82, syl. 1, 40 L.R.A. 831, following White v. Milwaukee City Railway Co., 61 Wis. 536, 21 N.W. 524, 50 Am.Rep. 154.

Thus, apparently only Illinois, Massachusetts, Mississippi, Montana, South Carolina and Utah now unequivocally hold the court has no authority to make or compel obedience to such an order or comply with such a request. While Hawaii, Louisiana, Oklahoma, and Texas hold that court has no power to make such an order, refusal to be examined results in blocking testimony by plaintiff's physicians, or that the jury may consider such refusal.

The United States Court has now by rule abrogated the holding in the Botsford case, supra. Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479.

We thus have a majority of the state courts which have considered the question, recognizing the discretionary power to order such an examination by physicians who may be suggested by the defense and approved by the court, and to enforce non-compliance by dismissal.

█ It is argued Section 7-705-6, I.C.A., gives sole authority to dismiss, and they do not include this situation. The entire matter is one of procedure, Bowing v. Delaware Rayon Co., supra, and Sibbach v. Wilson, supra. The court having authority to order the examination, may adopt any reasonably appropriate means to enforce it. Section 1-1622, I.C.A; Fox v. Flynn, 27 Idaho 580, 150 P. 44. Dismissal is recognized by the above supporting cases as the appropriate means of enforcement.

The time fixed by the court for the examination, however, was too short and the dismissal of the action was unjustified because, while appellant perhaps unnecessarily delayed the examination on Saturday, she had a right to arrange to have her physician present at a time reasonably convenient to her.

In ordering the examination, the court should give due regard to appellant's health, and the time and place, though imperative and requiring prompt and immediate compliance therewith, should be reasonable as to all parties, permitting appellant to have present such attendants, reasonably limited as to number, as she may desire. Refusal to obey or recalcitrant delay, resulting in dismissal.

The judgment of dismissal is, therefore, reversed and the cause remanded and reinstated for further proceedings in accordance herewith. Costs awarded to appellant.

BUDGE, HOLDEN and MILLER, JJ., and SUTPHEN, D. J., concur.